W. S. NORTON, Respondent, *vs.* GILCHRIST PORTER, *et al.*, Appellants.

1. *Justice's court—Transcripts, how amended.*—When it is made to appear that the transcript returned by a justice of the peace is substantially erroneous or defective, the appellate court may, by rule and attachment, compel him to amend the same, and he must send up a faithful transcript of all the entries in his docket, together with all the process and other papers relating to the suit and filed therein. But he cannot of his own motion amend any of his docket entries. And it is exceedingly questionable whether, after the day for entering judgment, he can correct any mistake or supply any omissions, without the consent of all the parties, and whether all corrections and amendments not so consented to must not be directed by the circuit court or other tribunal of equal authority.

*Appeal from Jasper Court of Common Pleas.*

*W. H. Phelps*, for Appellants, cited : The People *ex rel.* Phelps vs. Delaware Com. Pleas, 18 Wend. 558 ; Watson vs. Davis, 19 Wend. 371 ; Dauchy vs. Brown, 41 Barb. (N. Y.) 555 ; Barns vs. Holland, 3 Mo. 48 ; Marion vs. The State, 11 Mo. 578 ; *Ex parte* McGrade, 24 Mo. 125.

*Walser & Cunningham*, for Respondent, cited : Miller vs. Richardson, 1 Mo. 310 ; Aster vs. Chambers, 1 Mo. 192 ; *Ex parte* Spencer, 61 Mo. 357 ; Silvey vs. Sumner, 51 Mo. 199 ; Dale vs. Copple, 53 Mo. 321 ; Paxton vs. Humber, 39 Mo. 521.

HOUGH, Judge, delivered the opinion of the court.

This suit was originally instituted before a justice of the peace in Jasper county, and judgment was rendered by the justice in favor of the plaintiff, Norton, and against the three defendants therein, T. B. Dorsey, W. P. Davis and Patrick Murphy. An affidavit for an appeal was made by Patrick Murphy, for himself alone, and an appeal bond was executed by Patrick Murphy, E. W. Porter and R. M. Roberts, which, although it recited that T. B. Dorsey, W. P. Davis and Patrick Murphy had appealed from the judgment of the justice, contained no undertaking by them or on their behalf. No other affidavit or bond was filed. The docket contained the following entry : "Appeal granted to the court of common pleas of Jasper county."

An order was made in the common pleas court, at the instance of the plaintiff, requiring the justice to amend his return. In pursuance of this order, an amended transcript was filed, from which it appeared that a judgment by default was rendered against Murphy and Davis, and that no motion was ever made before the justice by either of said defendants, to set aside said default.

The transcript first returned by the justice was a copy of the docket entries made by him on the 14th day of August, 1873, which was the day of trial, and contained no mention of default having been made by any of the defendants.

The amended transcript was a copy of docket entries made by the justice on the 10th day of February, 1874, after the rule had been served on him to amend his return.

The defendant filed a motion to strike the amended transcript from the files; and the plaintiff moved to dismiss the appeal of Murphy and Davis, on the ground that no motion was made by them to set aside the default in the justices' court. The two motions were heard together, and both were sustained. From the judgment dismissing the appeal of Murphy and Davis they have appealed to this court.

The court committed no error in rejecting the amended transcript. When it is made to appear that the' transcript returned by the justice is substantially erroneous or defective, the court may, by rule and attachment, compel the justice to amend the same, and under such rule it is the duty of the justice to send up a faithful transcript of all the entries in his docket, together with all the process and other papers relating to the suit and filed therein. But he has no authority whatever to alter or amend, of his own motion, any of his docket entries, in making such return. And it is exceedingly questionable whether, after the day for entering judgment has passed, a justice can correct any mistakes or supply any omissions, without the consent of all the parties, and whether all corrections and amendments, not so made by consent, must not be made under the superintending control of the circuit court, or other court of equal authority in the premises. It would be a dangerous practice to allow *nunc pro tunc*

entries to be made by justices of the peace. (People vs. Delaware Common Pleas, 18 Wend. .558 ; Watson vs. Davis, 19 Wend. 371 ; Burton vs. McGregor, 4 Ind. 550 ; Young vs. Rummell, 5 Hill, 60.)

It appears from the original transcript and the accompanying papers, that Murphy was the only defendant who had appealed from the judgment of the justice and was entitled to a trial in the common pleas court. As it does not appear that there was any failure on his part to prosecute his appeal, the court erred in dismissing it.

The action of the court as to the defendant Davis is of no moment. He was not in court, and we do not understand how the court could dismiss the appeal of a party who had never taken an appeal.

The judgment of the common pleas court will be reversed and the cause remanded. The other judges concur.