SMITH v. CHAPMAN, *Appellant.*

**Justice of the Peace:** POWER TO AMEND TRANSCRIPT. A justice of the peace has no power to file an amended transcript for appeal without an order of the circuit court. Such order should distinctly specify the amendment to be made; and any amendment not directed by the order will be void and without effect.

*Appeal from Butler Circuit Court.*—HON. R. P. OWEN, Judge.

REVERSED.

*Stephen M. Chapman p. p.* and *E. Y. Mitchell* for appellant.

HOUGH, J.—This was a suit by attachment against the defendant Dyer, originally brought before a justice of the peace. Judgment was rendered against the defendant Chapman, as garnishee, and he appealed to the circuit court. The transcript filed by the justice in the office of the clerk of the circuit court, in pursuance of the appeal, failed to show that any judgment had ever been rendered by the justice against the defendant Dyer, or that said defendant had ever been duly notified of the proceedings against him. An amended transcript was subsequently filed in the circuit court, from which it appeared that judgment was rendered by the justice against the defendant Dyer, and that he had been notified according to law. The

cause was tried by the circuit court, and judgment was again rendered against the defendant Chapman.   The justice had no authority to amend his transcript, except in pursuance of an order of the circuit court.   *Norton v. Porter*, 63 Mo. 345.   The only order made by the circuit court in relation to the transcript was one which required the justice to make proper entries on his docket as to proof of publication, if such proof was made before him, and to transmit a certified copy of the same to the circuit court.   No authority whatever appears for amending the transcript so as to show a judgment against the defendant Dyer.   When proceedings have been had before a justice, or official action has been taken by him, which should have been entered in his docket, but which he omitted to enter at the proper time, he has no power to remedy the omission.   *Norton v. Porter*, *supra*.   The proper course in such cases is to proceed under section 3049 of the Revised Statutes, unless both parties consent to an amendment.   If it be made to appear to the circuit court that such omission has occurred, that court may direct the justice to make the necessary corrections, and the order of the circuit court should state the facts upon which it is based, and should distinctly specify the entry to be made.   As there could be no judgment against the garnishee until judgment was rendered against the defendant in attachment, and as the transcript showing such judgment was made without authority of law, the judgment will be reversed and the cause remanded.   All concur.