THOMAS BOYLE, Plaintiff in Error, *v.* JOHN TOLEN, Defendant in Error.

**November 25, 1879.**

It is a constable's duty to serve notices of appeal from a justice, and his return, being made under sanction of his official oath, need not be sworn to.

Error to the St. Louis Circuit Court.

*Affirmed.*

P. Leahy, for the plaintiff in error.

O. G. Hess, for the defendant in error.

Bakewell, J., delivered the opinion of the court.

This was an appeal from a justice of the peace. The only point presented for our consideration is the sufficiency of the proof of service of notice of appeal.

On the back of the notice was indorsed the following return: "I hereby certify that I have served the within notice, by delivering a true copy of the within notice to the within named plaintiff, Thomas Boyle; this 22d day of October, 1878. C. E. Pourcely, Constable 1st Dist., City of St. Louis."

The statute provides that the notice of appeal may be served in like manner as an original writ of summons. Wag. Stats. 850, sect. 21. An original writ of summons from a justice must be served by a constable. The statute, we think, has reference to the manner of service, not to the character of the officer. The custom has prevailed of serving these notices by any competent witness; and we do not think that, under the old law, it was essential that the service of notice of appeal from a justice should be made by a constable. The late revision, by the insertion of a clause in this section (Rev. Stats. 1879, sect. 3055), expressly provides that the service may be by any competent witness. But we suppose that this might have been done before the amendment, and that these words were added to take away possible doubt as to the matter.

The Practice Act provides (Wag. Stats. 1010, sect. 26) that "the service of any notice required by this chapter may be made by any sheriff, marshal, or constable, or by any person who would be a competent witness, who shall make affidavit to such service; and any such officer shall be bound to serve notices equally with summons or other

writs, and be in like manner liable for neglect." The last paragraph of this section seems to be sufficiently general in its terms to cover all notices in judicial proceedings; and, under this provision, we think it is made especially the duty of a constable to serve notice of appeal from a justice, and that, in doing so, he acts, therefore, in his official capacity. But the return of an officer to process which it is made his duty to serve, is at least *prima facie* evidence, in all cases, of the facts therein contained. The return of an officer to a notice in a judicial proceeding, which it is made his duty by law to serve, need not be sworn to, any more than his return to process. In either case, the duty is performed under the sanction of his official oath and under the responsibility of his bond. We have no doubt, therefore, that the return of the officer was *prima facie* evidence, in this case, of the service of notice in the manner stated in his return. No question is raised as to the sufficiency of the notice; the only point to be considered is as to sufficiency of the unsworn return of the officer to show that he had done what he states in writing on the back of the notice that he did. We think that the Circuit Court committed no error in admitting the evidence, and its judgment will therefore be affirmed. All the judges concur.