Thomas v. Moore.

J. D. THOMAS, Appellant, v. C. H. MOORE, Respondent.

Kansas City Court of Appeals, May 25, 1891.

1.  **Justices' Courts : SERVICE OF NOTICE OF APPEAL : OFFICER'S RETURN.** The statute makes it the duty of sheriffs, marshals and constables to serve judicial notices, and it is made specially the duty of the constable to serve notice of appeal from a justice, and, in doing so, he acts in his official capacity under the sanction of his official oath and the responsibility of his bond, and his return is *prima facie* evidence of the service in the manner stated therein.

2.  ——— **: NOTICE OF APPEAL : AMENDED TRANSCRIPT : POWER OF JUSTICE.** Though, after service of notice of appeal, the justice without rule of court filed an amended transcript of the judgment which varies the amount of the judgment from that given in the original transcript, which the notice described with sufficient accuracy, yet in passing upon the sufficiency of the notice the court cannot consider the amended transcript, as the justice has no power to file such transcript for an appeal without an order of court.

*Appeal from the Cass Circuit Court.*—HON. CHAS. W. SLOAN, Judge.

AFFIRMED.

*D. C. Barnett* and *J. T. Burney,* for appellant.

(1) The paper purporting to be a notice of appeal does not describe the judgment of the justice. It describes a judgment for $15 and costs ; and not the judgment for the recovery of the horse sued for and damages for the detention. The statute requires the notice to be in writing, stating the fact that an appeal has been taken from the judgment therein specified. R. S. 1879, sec. 3055. "It is necessary that the notice shall identify the case with reasonable certainty." In *Chadman v. Bronson,* 3 Or. 320, the court says : "If a judgment is misdescribed in the notice as for $57.75 instead of $52.50, the appellate court acquires no jurisdiction."

Murfree's Justice Practice, sec. 764 ; *Hammond v. Kroff*, 36 Mo. App. 118 ; *McGinnis v. Taylor*, 22 Mo. App. 573. (2) The appellant shall give the appellee notice. R. S. 1879, sec. 3055. The paper purporting to be a notice of appeal in this case was not signed by defendant (appellant in the court below), but by one J. W. Graham, nor does it appear from said paper or the transcript of the justice that said Graham was defendant's agent or attorney or had any authority to represent him. Murfree's Justice's Practice, secs. 746, 750, 768 ; *Inhabitants, etc., Lerden v. Sweeney*, 118 Mass. 418 ; *Noyes v. Sherburne*, 117 Mass. 279 ; *Palmer v. Peterson*, 46 Wis. 401 ; *Laribee v. Morrison*, 15 Minn. 196 ; *Wolf v. Light Co.*, 70 Mo. 182 ; *Towner v. Remick*, 19 Mo. App. 210. (3) Notice of appeal from justices' courts must be served upon the appellee. R. S. 1879, sec. 3055. In this case the constable's return shows that the paper, purporting to be a notice of appeal, was not served upon the plaintiff (appellee below) ; but that it was served "by delivering to a member of defendant's family over the age of fifteen years at defendant's usual place of abode a copy," etc. Defendant was the appellant in the lower court. (4) The notice of appeal required to be given on appeal from the justice to the circuit court is not a writ or process, which the officer is bound to serve, but a paper the appellant must serve the appellee with. Even though said return should recite that it had been served on the plaintiff (appellee below), it would then not be *prima facie* evidence of such fact, as it was not sworn to. Const. Mo., sec. 38, art. 6 ; R. S. 1879, secs. 4037, 4038 ; *Fowler v. Watson*, 4 Mo. 27 ; R. S. 1879, sec. 3055 ; *Horton v. Railroad*, 26 Mo. App. 349, and cases cited ; *Tiffin v. Millington*, 3 Mo. 418 ; Wade on Notice, sec. 1211.

*Whitsitt & Jarrott* and *F. C. Farr*, for respondent.

(1) It was necessary for the appellant to introduce evidence, by affidavit or otherwise, that he had

not been served with notice of appeal. This he failed to do. · He seems to rely solely upon the return of the constable, which gives plaintiff's correct name and makes a correct return in every respect, except that it inserts the word "def't," after plaintiff's name. (2) "It is a constable's duty to serve notices of appeal from a justice, and his return, being made under sanction of his official oath, need not be sworn to." *Boyle v. Tolen*, 8 Mo. App. 93. (3) The service was upon the right party, and, therefore, good. The use of the word "defendant" by the constable in his return could not operate to vitiate the service. (4) The notice may be served in like manner as an original writ of summons. R. S. 1879, sec. 3055. (5) The notice is in proper form, and is a literal compliance with section 3055. R. S. 1889, p. 2268, form No. 179, "notice of appeal." (6) The justice had no authority to file the amended transcript. *Smith v. Chapman*, 71 Mo. 217; *Norton v. Porter*, 63 Mo. 345. The notice of appeal contained a specific description of the judgment as shown by the original transcript of the justice. The statute has been amended since the decision of the court in *Tiffin v. Millington*, 3 Mo. 418. The other authorities cited by appellant have no application to the case at bar. R. S. 1889, sec. 6342.; Kelley's New Treatise, Justice Practice, sec. 147, p. 148; *Horton v. Railroad*, 26 Mo. App. 357; R. S. 1889, secs. 3508, 2036.

SMITH, P. J.—This action arose in a justice's court. The plaintiff had judgment from which defendant took an appeal in vacation within ten days after the rendition of the judgment. In such case, it is by the statute made the duty of the appealing defendant, to serve notice on the plaintiff of the taking of the appeal. If such notice is not given within ten days next before the commencement of the second term of the appellate court, the judgment of the justice shall be affirmed on

Thomas v. Moore.

the motion of the plaintiff, the appellant. In opposition to a motion thereto the defendant offered and read in evidence a notice of appeal on which was this indorsement:

"I hereby certify that I served the within notice by delivering to J. D. Thomas, defendant, herein a full, true and perfect copy of the within notice of appeal on the twentieth day of August, 1889, in West Dolan Township, Cass county, Missouri.

"J. E. BERRY,

"Constable, Township."

These words appear above the return, "wife, who is a member of the family and over fifteen years of age." Attached to the foregoing return on a separate piece of paper is another return of the constable, which is without date. It does not purport to be an amended return. How or when it was attached to the return indorsed on the back of the notice is not made to anywhere appear. If it was intended as an amended return there is nothing in the records showing at what time, or by what authority, it was made. It is true that the bill of exceptions shows that the defendant offered in evidence on the hearing of the motion to affirm, "the notice of appeal and the amended return." Which is the amended return, that indorsed on the notice with the words already stated written above it, or the one on the separate piece of paper attached to the notice of the appeal? The abstract of the appellant sets forth this latter return as the one which was offered in evidence on the motion to affirm, but the appellee disputes the correctness of the appellant's abstract in this particular and sets forth as the return the one which we have set forth *in extenso*. In order to satisfy our mind in this regard we have caused to be submitted to us for inspection the original notice with the returns thereon and thereto attached, from which we conclude that the return which is indorsed on the notice of the appeal is that which was offered in evidence on the motion to

affirm. The words written above the return already referred to were probably intended as an amendment to the return, but as there is no *caret* or other mark indicating that these words were wanting, or to be inserted at any particular place in the return, to complete it, we cannot regard them as a part of the return, whatever function they may have been intended to perform. The return which we have set forth must be regarded as that which was introduced in evidence on the motion to affirm. This motion being overruled, the plaintiff refused to further appear in the case, and the court dismissed the cause for want of prosecution. The plaintiff filed a motion to set aside the judgment, which being overruled he thereupon prosecuted his appeal here.

The single question thus presented is, whether the return of service made by the constable on the notice was sufficient to invest the circuit court with jurisdiction. The statute provides that the notice of appeal may be served in like manner as an original summons, or by delivering a copy of the same to the appellee by any person competent to be sworn as a witness. R. S. 1879, sec. 3055. An original writ of summons from a justice must be served by a constable. Sec. 2858; *Horton v. Railroad*, 26 Mo. App. 357. By section 3508, Revised Statutes, 1879, chapter 59, relating to practice in civil cases, it is provided that the service of any notice required by this chapter may be made by any sheriff, marshal or constable or by any person who would be a competent witness, who shall make affidavit to such service ; and any such officer shall be bound to serve notices equally *with summons* or other writs, and shall be in like manner liable for neglect. In *Boyle v. Tolen*, 8 Mo. App. 93, the St. Louis Court of Appeals say, " the last paragraph of this section, 3508, seems to be sufficiently general in its terms to cover all notices in judicial proceedings ; and, under this provision, we think it is made especially the duty of a constable to serve notice of appeal from a justice, and that in doing

so he acts, therefore, in his official capacity. But the return of an officer to process, which it is made his duty to serve, is at least *prima facie* evidence in all cases of the facts therein contained. The return of an officer to a notice in a judicial proceeding which it is made his duty by law to serve need not be sworn to any more than his return to process. In either case the duty is to perform under the sanction of his official oath and under the responsibility of his bond." We think the return of the constable was *prima facie* evidence in this case, of the service of notice in the manner stated in his return. The return, therefore, of the constable was amply sufficient to invest the circuit court with jurisdiction of the appeal.

Some point is made as to the sufficiency of the notice of the appeal, but we think it is not subject to the objection lodged against it. While it seems that great particularity must be observed in giving notice of appeal, we think that given in this case, sufficiently specific. It is true that after the notice of the appeal had been served on the appellee, that the justice filed an amended transcript of the judgment, which varies the amount of the judgment from that given in the original transcript which was filed by the justice, and which the notice describes with sufficient accuracy. A justice of the peace has no power to file an amended transcript for an appeal without an order of the circuit court. In this case there was no such order, and, hence, the amendment was void and without effect. *Smith v. Chapman*, 71 Mo. 217 ; *Norton v. Porter*, 63 Mo. 345. The judgment contained in the amended transcript must be disregarded by us in the consideration of the question of the sufficiency of the notice of the appeal.

It results that the judgment of the circuit must be affirmed. All concur.