Caruthers v. Williams.

GEORGE A. CARUTHERS, Appellant, v. W. L. WILLIAMS, Respondent.

Kansas City Court of Appeals, March 6, 1893.

1. Landlord and Tenant: ATTACHMENT FOR RENT: FAILURE TO HARVEST: EVIDENCE. If a tenant by negligence or other fault fails or refuses to harvest and divide the crop, he fails to render the rent agreed, and evidence of such failure is admissible on the trial of an attachment for rent.

2. ————: MORTGAGE OF CROP: JURY QUESTION: FEEDING CROP. For a tenant to give a chattel mortgage upon his interest in the crop out of which rent is to be rendered, or his feeding a portion thereof to his team, is not, as matter of law, a disposal of the crop so as to endanger the collection of rent; and such matters should go to the jury.

3. ————: ATTACHMENT FOR RENT: RES ADJUDICATA. A judgment on a plea in abatement in an action of attachment for rent is not *res adjudicata* on the trial on the merits.

*Appeal from the Bates Circuit Court.*—HON. JAMES H. LAY, Judge.

REVERSED AND REMANDED.

*Parkinson & Graves* and *W. O. Jackson*, for appellant.

(1) The court erred in refusing to permit plaintiff to prove the damaged condition of the flax by reason of it having been left in the field and in refusing the

plaintiff to prove that it was in a perishable condition, and, if not cared for, would result in the loss of plaintiff's rent. 4 American & English Encyclopedia of Law, p. 897. (2) Plaintiff's instruction number 5, refused by the court, properly declared the law. This proposition is too plain to argue.

*Boxley & Horn* and *DeArmond & Smith*, for respondent.

(1) The refusal of instruction number 5 was very proper. In the language of counsel for appellant, "This proposition is too plain to argue." With reference to the instructions asked by respondent, even if they did not contain correct expositions of the law, it would be sufficient for the purposes of this appeal to say: *First*, the record fails to show that any of them were given by the court. *Second*, appellant makes no point in his brief upon any such supposed error. (2) Appellant's counsel base their contention, that the court erred in refusing that declaration of law asked upon the trial upon the main case, upon the ground that their instruction number 5 in the attachment proceeding is good law. The evidence even of appellant himself shows his action was prematurely brought, and the finding upon the merits was for the right party.

ELLISON, J.—This action is attachment for rent, and is instituted under the landlord and tenant statute. The judgment below was for defendant both on the plea in abatement and the merits, and both are by agreement now submitted here on one appeal.

The causes of attachment as alleged were: "That the defendant is removing his property from the leased or rented premises; that defendant has within thirty days removed his property from the leased or rented

premises; that the defendant has by chattel mortgage disposed of the crop grown upon the leased premises, so as to hinder and delay the plaintiff in collecting his rent; that said rent is now due and unpaid, and had been demanded by plaintiff from defendant."

The evidence tended to show a renting for part of the crop, the rent corn to be cut up and put in the shock. The flax was to be delivered in the half bushel; and was to be cut and taken off the ground "as soon as the crop would do to take off, in order" that the plaintiff might have the ground to sow in wheat. The evidence further tended to show a demand for the rent as agreed upon. Plaintiff offered to prove that several acres of this flax were left in the swath after being cut, until it spoiled. And that a part of such crop was not cut. This testimony was excluded. It ought to have been admitted. If the tenant by negligence or other fault fails or refuses to harvest and divide the crop he fails to render the rent agreed. The testimony appears to have been excluded, judging from the objection urged, upon the ground that plaintiff should have entered and secured it. But we are of the opinion that the evidence should have been allowed. It follows necessarily that the plaintiff's instruction number 5 should have been given.

We are of the further opinion that the court's action upon the other instructions in the case was correct. For a tenant to give a chattel mortgage upon his interest in the crop out of which rent is to be rendered is not, as a matter of law, a disposal of the crop so as to endanger the collection of rent. The question was properly left to the jury to determine the fact.

The same can be said of the contention that defendant fed a portion of the corn and oats to his team and other stock. The question is, did this endanger the collection of the rent?

As to the case upon the merits. The defendant set up the *verdict and judgment* in his favor on the plea in abatement as *res adjudicata* on the trial on the merits, and upon this ground the court found for him on the merits.

Upon the authority of the cases of *Dawson v. Quillen*, 43 Mo. App. 118, and *Garrett v. Greenwell*, 92 Mo. 120, we must hold this to be error. The latter case was attachment brought under section 3928, Revised Statutes, 1879, for malicious trespass. The act charged and upon which the attachment was founded was the wilful and malicious burning of a threshing machine. In order to sustain that attachment and to recover double damages on the merits, it was necessary to prove that the defendant in that case wilfully or maliciously burned the machine. Yet the judgment sustaining the attachment was not allowed as a plea of *res adjudicata* on a trial on the merits. The wilfulness or maliciousness of the act was an issue in the trial on the merits; as one of these elements must appear in the case to permit of the recovery of double damages. It was an issue determined against the defendant on a trial of the plea in abatement, but could not be used against him in a trial on the merits. The judgment on the plea in abatement and on the merits will be reversed and the cause remanded. All concur.