Caruthers v. Williams.

---

G. A. CARUTHERS, Appellant, v. W. L. WILLIAMS, Respondent.

Kansas City Court of Appeals, April 30, 1894.

1. **Evidence**: LANDLORD AND TENANT: REASONABLE TIME FOR PAYING RENT. Where, by the terms of a parol lease, no time is fixed for the payment of rent—as, for instance, a part of a flax crop, it is proper in an action of attachment for rent for the defendant to show the efforts he made to procure a machine to thresh the flax, as the landlord has a right to have his share threshed and delivered in a reasonable time after maturity, which time depends largely upon the nature of the crop and the circumstances of each case, as well as the custom in the vicinity, and is a question for the determination of the jury on all the facts.

2. **Instructions**: PAYMENT OF RENT: REVIEWED. Instructions as to attachment for and the payment of rent are reviewed and *approved*.

3. **Appellate Practice**: FINDING NOT DISTURBED. The finding of the trial court sitting as a jury is conclusive on the appellate court when there is substantial evidence to support it.

*Appeal from the Bates Circuit Court.*—HON. JAMES H. LAY, Judge.

AFFIRMED.

*Graves & Clark* and *W. O. Jackson* for appellant.

(1) The court erred in admitting the testimony of defendant, Williams, as to his efforts to get a machine to thresh the flax, as also the testimony of Ellege, Poe, Williams and Wolfe as to such efforts. A man's efforts to pay rent when due is no defense for a failure to pay. An effort to perform a contract is no justification or defense for not performing it. This proposition is elementary and hardly needs citation of authorities. Chitty on Contracts, p. 627; Parsons on Contracts [6 Ed.], sec. 2, p. 636, and note, and p. 672. (2) The court erred in giving instructions 5 and 6 of its own motion. These instructions, in effect, authorized the jury to find for defendant, although they might believe that he had failed to render the rent when due, unless the jury further found that the failure to render rent was "through negligence or fault on his part." This is not the statute concerning the non-payment of rent, nor is it the law of contracts. A failure to pay the rent is all the law requires, and such failure can not be justified upon the grounds that there has been no negligence or fault upon the part of the party agreeing to pay. R. S. 1889, sec. 6384; Chitty on Contracts, p. 627; Parsons on Contracts [6 Ed.], sec. 2, p. 636, and note, and p. 672. (3) The court erred in refusing plaintiff's instructions numbers 15 and 16. These instructions properly declare the law. *Caruthers v. Williams*, 53 Mo. App. 181. (4) Plaintiff's instruction number 1, upon the merits, is a proper declaration of the law. The court

entertained a wrong view of the law, or the finding could not have been as it was, said finding being against the law and the evidence. *Caruthers v. Williams, supra.*

*Thos. J. Smith* and *Boxley & Horn* for respondent.

(1) Under the law, as is universally understood, and as recognized in this case when it was before this court before, there being no definite time fixed as to when the crop should be delivered, all that the defendant under the contract was bound to do was to deliver the same within a reasonable time; and what was a reasonable time for the performance of this contract depended upon the character of the work that was necessary to be done and the circumstances surrounding the doing of the same. Therefore, the testimony of the defendant, together with the other witnesses', which was introduced for the purpose of showing that the defendant did all that he could to fulfill the contract, was competent for the purpose of showing that his performance or attempted performance was reasonable. Had he undertaken to deliver the crop or any part of it upon a specified date and had failed to do so the authorities which are cited by the appellant would be in point. But this is not the case here. (2) Instructions numbers 5 and 6, which were given by the court of its own motion, and the giving of which is assigned as error by the appellant, each follows the law as declared by this court in this action when here before, as reported in 53 Mo. App. 181. It is sufficient to say of instruction number 15 that it is not in harmony with the law of this case as laid down by this court, since it ignores the question as to whether or not the failure to do any of the things enumerated therein was occasioned by the fault or negligence of the defendant. (4) Of

instruction number 16 it is sufficient to say that there was no error in its refusal, for the reason that it is simply an abstraction, and does not refer the jury to any of the facts whatever in the action then upon trial.

SMITH, P. J.—This case was here on a former occasion when the judgment, which was for defendant, was reversed and cause remanded on account of certain errors referred to in the opinion which will be found reported in 53 Mo. App. 181. The case has been retried and a like judgment has been again rendered by the circuit court from which plaintiff has appealed.

The plaintiff complains that the circuit court erred in permitting testimony to go to the jury tending to show the efforts made by the defendant to procure a machine to thresh the flax. One of the issues made by the affidavit and plea in abatement was whether the rent was due and unpaid at the time of the issue of the attachment. The defense interposed by the defendant was that no time was fixed for the payment of the rent by the terms of the parol lease under which he held the premises.

The rule is that when rent is payable in a share of the crops and the lease is silent as to the time of the payment, as defendant contends is the case here, the landlord has a right to have his share of the crops delivered to him within a reasonable time after they are gathered, and as to what is a reasonable time will depend largely upon the nature of the crop and the circumstances of each case. *Taler v. Seabrook*, 39 Ga. 14; *Brown v. Adams*, 35 Tex. 471; Taylor's Landlord and Tenant, — 1077. And custom of the country where the premises are situate and the presumed intention of the parties to conform to it in such cases is usually an element entering into the consider-

ation of the question when the rent is deliverable. Wood on Landlord and Tenant, sec. 390. What is a reasonable time of course is a question of fact to be determined by the jury from all of the circumstances which the evidence tends to disclose.

The rent reserved if payable in part of a crop of small grain can not be held to be due and deliverable until the expiration of a reasonable time after it has been cut and threshed. It should be cut when mature, and threshed as soon thereafter as its condition and attending circumstances will permit. If it is the custom in the vicinity where the grain is grown to thresh in particular months, it will be the presumed intention of the parties that the tenant will thresh in those months. If it is the custom of tenants growing crops of small grain on rented premises to employ those engaged in threshing for the public to thresh their grain, then it is the duty of a tenant, if he has no such machinery of his own, at the proper time to conform to that custom, or else he will be in negligent default. Tenants as a rule are persons of small means and are not presumed to own expensive machinery for the threshing of their grain, which they can use as soon as the crop is cut. If the tenant by negligence or fault fails or refuses to harvest and divide the crop, he fails to render the rent agreed. 53 Mo. App. 181. The objectionable evidence tended to show that the non-delivery of the flax had not resulted from any fault or negligence of defendant and that the rent was not due and payable when the suit was brought and therefore we think the court did not err in its admission.

The plaintiff further objects that the fifth instruction given by the court on its own motion, which told the jury that if defendant through negligence or fault failed or refused to cut, stack and thresh the flax at the time it should have been cut, stacked and threshed,

and that by reason thereof it became damaged or lost
or was about to become damaged or lost so as to pre-
vent, hinder or delay the plaintiff in the collection of
the full rent due him under the contract, the verdict
should be for plaintiff on the plea in abatement. The
court was justified in giving this instruction by the
ruling made in the case when it was here on the former
appeal.

The sixth instruction given by the court laid down
a proper rule for the government of the jury in case
they found from the evidence that the rent reserved
was a part of the crop and that no time was fixed by
the terms of the lease for the delivery of it. It di-
rected the jury that such rent was to be delivered in
a reasonable time under all the circumstances sur-
rounding the crop. Its enunciation accords with the
law as we have already stated it to be.

The plaintiff further complains that the court
erroneously refused to give his instructions numbers
15 and 16. This complaint is not well founded. The
fifteenth is substantially the same as the fifth given by
the court on its own motion. The plaintiff by asking
this instruction is estopped to complain of that given
by the court just mentioned, which covered the same
ground. And as to the sixteenth it does not differ
from the sixth given by the court, except that the
former ommitted the words "under all the circum-
stances surrounding him and the crop." These words
were necessary to give full expression to the rule which
the instruction otherwise correctly states, and for that
omission of them it was properly refused.

As to the merits, it may be remarked that this
branch of the case having been submitted to the court
without the aid of a jury, its finding is conclusive on
us since there was substantial evidence adduced to
support it. With the theory upon which the finding of

the court was made, as indicated by the declarations of law given, we can find no fault.

The principle of the first declaration asked by plaintiff and rejected by the court is embraced within that announced in the defendant's second, which was given.

It results that the judgment will be affirmed. All concur.