BELLE J. CURTIS, Respondent, v. THOMAS TYLER, Appellant.

**Kansas City Court of Appeals, December 2, 1901.**

1. **Justices' Courts:** APPEALS: JURISDICTION: AMENDING TRANSCRIPT. Where the justice amended his transcript in relation to matters not within the order of the court permitting the amendment, such amendment is unauthorized.

2. ———: ———: ———: BOND AND AFFIDAVIT. On a review of the record it is found that an affidavit for appeal had been made and a bond timely filed and returned to the circuit court without any entries thereof appearing in the transcript: *Held*, the circuit court acquired jurisdiction.

3. **Trial and Appellate Practice:** FINDING OF TRIAL COURT: EVIDENCE. Where the trial court is intrusted with both the law and the facts, the appellate court is bound by the finding on the facts if there be substantial evidence to support it.

4. **Witnesses:** OBJECTION: WAIVER. Where the plaintiff's husband is allowed to testify without objection there can be no complaint of his incompetency.

Appeal from Maries Circuit Court.—*Hon. James E. Hazell,* Judge.

AFFIRMED.

*J. W. Mosby* and *Holmes & Hutchison* for appellant.

(1) The finding is against the evidence, against the weight of the evidence, and against the law under the evidence. (2) The court erred in admitting A. J. Curtis, the husband of plaintiff, to testify over the objections of the defendant. R. S. 1899, sec. 4656; Reno v. Kingsbury, 39 Mo. App. 240;

Joice v. Branson, 73 Mo. 28.   (3)   Because the court erred in overruling defendant's motion to dismiss plaintiff's appeal. R. S. 1899, sec. 4062; R. S. 1899, sec. 4072; Spencer v. Beasley, 48 Mo. App. 97; Whitehead v. Cole & Rodgers, 49 Mo. App. 428; Devore v. Staeckler, 49 Mo. App. 547; Kelm v. Hunkler, 49 Mo. App. 664; State v. Thompson, 81 Mo. 163.

Crites & Garrison for respondent.

(1)   Where the trial was before the court, without instructions, and the evidence supports the finding, the appellate court will presume the trial court entertained a correct view of the law and will not disturb the judgment.   Pearson v. Gillett, 55 Mo. App. 312; Gage v. Averill, 57 Mo. App. 111; Calvert v. Bates, 44 Mo. App. 626; Spence v. Crow, 47 Mo. App. 321; Dean v. Chandler, 44 Mo. App. 338; Lange v. Uhlmann, 47 Mo. App. 277; Bray v. Kremp, 113 Mo. 552; State v. Richardson, 117 Mo. 586; Blanton v. Dold, 109 Mo. 64; Zweigardt v. Birdseye, 57 Mo. App. 462; Helm v. Helm, 52 Mo. App. 615; Martin v. Nichols, 54 Mo. App. 594; Bray v. Adams, 114 Mo. 486.   (2)   No objection is in the record to the testimony of the husband of the plaintiff, for that or any other reason, and where objections are not made and exceptions properly taken this court will not have the authority to review the error complained of.   Reno v. Kingsbury, 39 Mo. App. 240.   (3)   It is contended that the court was in error in overruling defendant's motion to dismiss plaintiff's appeal.   There is nothing in this contention.   Sec. 4062, R. S. 1899; Sec. 4072, R. S. 1899.

SMITH, P. J.—The plaintiff commenced an action of replevin before a justice of the peace in which he recovered judgment.   About the only question presented by defendant's appeal is that of jurisdiction.

Curtis v. Tyler.

It appears from the abstract of the record now before us that the justice filed with the clerk of the circuit court a transcript of his docket entries in the case, but it did not appear from anything therein stated that the plaintiff had filed an affidavit or bond for an appeal nor that an appeal had been granted. The defendant filed in the circuit court a motion to dismiss the appeal for the reason (1) that the plaintiff had not filed before the justice an affidavit for an appeal, and (2) that the justice's transcript did not show that an appeal had been granted. Pending this motion and on the same day the plaintiff filed a motion for a rule on the justice requiring him to correct his transcript so that it would show the allowance of an appeal and the filing of the affidavit and bond for the appeal granted November 1, 1900. The court on the same day overruled the former of said motions and sustained the latter by ordering that the justice be "permitted to amend his transcript by changing the date of plaintiff's appeal and permitting the plaintiff to sign the affidavit for the appeal after showing to the court that she had sworn to the same before the justice."

The justice, in supposed compliance with the above order, interlined his original transcript by inserting in his docket entries the following: "Now on the first day of November, 1900, before me personally appeared Belle J. Curtis, in the above entitled cause, and files her affidavit and bond for an appeal which said bond is approved by the justice and an appeal granted to the circuit court." It is contended by the defendant that the justice's amendment, showing the filing of affidavit and bond for the appeal and the granting of the appeal, was unauthorized by the order of the court, and, therefore, notwithstanding the amendment of the transcript, the circuit court still was without jurisdiction.

The order of the court, as has been seen, went no further than to direct the filing of affidavit for the appeal; beyond

that the amendment was made by the justice on his own motion and must be held unauthorized. Norton v. Porter, 63 Mo. 345; Smith v. Chapman, 71 Mo. 217.

With the unauthorized part of the amendment out of the way, it did not appear from the transcript alone that an appeal had been taken, but it did appear from it and the accompanying papers, including the affidavit filed by leave of the circuit court, that the justice did return the appeal though no entry thereof appears in the transcript of his docket entries. We take it from the recital in the order allowing the affidavit to be made, that the court must have found that the affidavit for the appeal had been made before the justice. The record is quite defective, but we infer that the bond for the appeal was timely lodged with the justice and by him returned to the appellate court, since no point was made as to it. The case, it seems to us, should be regarded as one where the affidavit and bond for an appeal was lodged with the justice in due time and by that officer returned to the appellate court without any entry thereof appearing in the transcript of his docket entries. If this conclusion be correct, as we think is the case, then, under section 4066, Revised Statutes 1899, the circuit court had jurisdiction of the cause. The appeal, though taken irregularly, we think, conferred jurisdiction. Moulder v. Anderson, 63 Mo. App. 34.

The cause was tried by the court without the aid of a jury. No instructions were requested or given. The rule is quite well established that in cases where the trial court is intrusted with both facts and law, this court must assume the facts to be as the court found them; and especially is this so where there is substantial evidence, as here, in the record to justify the finding. Caruthers v. Williams, 58 Mo. App. 100; Swayze v. Bride, 34 Mo. App. 414; Gaines v. Fender, 82 Mo. 497; Hamilton v. Boggess, 63 Mo. 233.

It would seem from the abstract that the testimony of the

plaintiff's husband was admitted·without objection, and this being so the defendant has nothing to complain of as to that.

Not discovering that any error was committed by the trial court prejudicial to defendant, it results that the judgment must be affirmed.    All concur.