MARTIN, Respondent, v. MARTIN'S ADMINISTRATOR, *et al.*, Appellants.

1. A finding of the facts made by a court in a suit instituted since the revised code of 1855 went into effect, being unauthorized by law, forms no part of the record of the cause and can not be referred to in the supreme court for any purpose.
2. Amendments should be liberally allowed in furtherance of justice.

*Appeal from Platte Circuit Court.*

*Spratt & Merryman,* for appellants.

I. The court erred in not permitting defendants to amend

their pleading so as to include the sum of sixty dollars proven to have been paid on said notes.

*Ewing*, for respondent.

I. The court had no right to allow the amendment. It was proposed after the evidence was closed, and changed the defence in matter of substance. (2 R. C. 1855, p. 1855, sec. 3.) But had it been such an amendment as the court in its discretion could have permitted, the refusal to do so would not be interfered with by this court. Amendments are peculiarly within the discretion of the inferior courts. (16 Mo. 226 ; 21 Mo. 535 ; 23 Mo. 227.)

RICHARDSON, Judge, delivered the opinion of the court.

The practice of finding the facts in cases tried by the court without the intervention of a jury no longer obtains, and such cases, in which instructions are neither asked nor given, will not be reviewed in this court except on questions of law duly saved during the progress of a trial ; and the finding of facts by the court can not be referred to for any legitimate purpose, as it has not properly any place under the present law in the record. A case then submitted to the court without a jury must be treated in all respects as if it had been tried by a jury, and this court will not interfere except for such errors as will authorize the reversal of a judgment on the verdict of a jury. This point has been so often decided that it is too well settled to be discussed.

This case was submitted to the court without instructions, and only two questions are presented in the record, which are, first, the refusal to permit the defendants to amend their answer, and, secondly, the overruling of the motion for a new trial. In regard to the latter, it is sufficient to say that the evidence is not of such a preponderating character as to warrant the conclusion that it did not support the judgment ; but as to the other exception, we think it was well taken.

The object of the suit was to foreclose a mortgage given to secure two promissory notes. The mortgagors sold the

property after the execution of the mortgage, and their vendees were made defendants, who set up in their answer several payments that had been made on the notes. The plaintiff's agent, on his examination as a witness, not only proved the payment, on the plaintiffs' account, of one hundred and seventy-five dollars to Wilcox, as a credit on the notes, which was set up in the answer and denied by the plaintiff, but he also proved the additional payment of sixty dollars which had been received as a credit on the mortgaged debt; thereupon, when this fact was disclosed on the trial the defendants asked leave to amend their answer so as to include this sum, but the court refused to allow the amendment.

The purchasers of the mortgaged premises having acquired the property subject to a lien, were directly interested in reducing the amount of the incumbrance, and they had the right to have any payments applied to its extinguishment which had been made on account of it. They were not presumed to know all the payments that had been made by the mortgagors, and they had no motive to suppress, until the trial, the knowledge of any payments that belonged to the debt; and as the credits to which the debt was entitled could not properly be claimed as set-offs, but were only available n a defence as payments, the effect of refusing the amendment was practically a gratuity of sixty dollars to the plaintiff, and an absolute loss to the defendants.

Our liberal system of practice encourages amendments when they can be made to aid the administration of justice consistently with the rules of law and the rights of the parties; (2 R. C. 1855, p. 1253;) and, though it is with great hesitation that this court will interfere with the exercise of the discretion of inferior courts on this subject, we think that the circumstances of this case call for our interposition. The amendment, of course, should only have been made on terms that would have prevented a surprise or an injury to the plaintiff.

The judgment will be reversed, and the plaintiff having

remitted sixty dollars, to be credited at the time it was paid, judgment will be rendered in this court, deducting the credits allowed in the circuit court and the said sixty dollars. Judge Napton concurs.

SCOTT, Judge. I concur in reversing the judgment and for rendering judgment in this court.

