THOMPSON *et al.*, Appellants, v. MOSELY, Respondent.

1. A court may, on such terms as may be proper, amend a pleading by striking out the name of a party. If the ends of justice require it, it must permit such amendment.

### *Appeal from Andrew Circuit Court.*

This, as originally instituted, was a suit against Robert C. Mosely by William N. Thompson and eleven others, including Sinclair K. Miller and Benjamin F. McCart. The plaintiffs alleged that on the 6th March, 1858, they became securities of defendant Mosely and one A. M. Mitchell on five several promissory notes for $1,000 each, bearing date said March 6, 1858, and payable six months after date to one John Gooding; that said Mosely and Mitchell failing to pay said notes, the plaintiffs had the same to pay to the parties to whom they were assigned. They prayed judgment for the amount of the notes. The court sustained a demurrer to this petition, and gave leave to amend. Afterwards an amended petition was filed. In the title of this petition all the plaintiffs' names are set forth. The body of the petition is substantially as follows: "Plaintiffs, Sinclair K. Miller and Benjamin N. McCart, by leave of court had for said purpose for an amended petition in the above entitled cause, state that "on the 6th of March, 1858, they were partners; that on said day at the request of defendant Mosely they as partners, together with others, signed and executed five several promissory notes for $1,000 each; which were dated March 6, 1858, and were payable to John Gooding or order six months after date, and were executed by A. M. Mitchell and said Mosely as principals, and were signed by the plaintiffs Miller and McCart as the securities of said Mitchell and Mosely; that Mitchell and Mosely failed to pay said notes at maturity; that the plaintiffs Miller and McCart, still being partners, were compelled to and did pay of the amount of said notes the sum of $455.55 to the legal holders of said

notes ; that neither the defendant Mosely nor said Mitchell has repaid said sum of money to plaintiffs or any part thereof. Plaintiffs pray judgment for said sum with interest.

The action of the court upon this petition is set forth below in the opinion of the court.

*Vories & Vories*, for appellants.

I. The court should have allowed the amendment. The plaintiffs Miller and McCart had a right to strike out any part of their petition independent of any leave or discretion of the court. (See 16 Mo. 225.) The defendant could not have been injured by the amendment.

*Woodson, Hall & Loan*, for respondent.

I. The motion to strike out a portion of the plaintiffs' names was properly overruled. The amended petition set out a new and independent cause of action. By striking out those names, there would have been pending a new suit. To allow this would not be " in furtherance of justice ;" especially where a large amount of property had been attached and sold. If the motion was properly overruled, the demurrer was rightly sustained.

EWING, Judge, delivered the opinion of the court.

The questions in this case arise upon the action of the court in overruling appellants' motion to strike out all the names of the parties plaintiff except Miller and McCart ; and in sustaining the demurrer to the amended petition.

Under the amended petition filed by the plaintiffs—who are appellants—it is very evident that the only real parties to the action, or the only parties who show any cause of action against the defendants, are the plaintiffs Miller and McCart. The petition does not pretend to allege any claim or cause of action in favor of the other parties ; and their only connection with the suit is that of simply being named as plaintiffs in entitling the cause. Had the action been brought in this way originally, we think there could be no doubt that on the

Thompson v. Mosely.

trial, or even after judgment, the names of these parties could have been stricken out; (R. C. 1855, p. 1253, § 3, 6;) and it would be an improper exercise of discretion to refuse it. They had no interest whatever in the suit in the shape it assumed in the amended petition, no claim against the defendants, and no concern in the prosecution of the suit of Miller and McCart. It could not, therefore, be pretended that such an amendment as was proposed by the motion could have changed substantially or materially the claim of the plaintiff, or have affected or prejudiced the defence in any way. And if such an amendment is allowable on the trial, or even after judgment, *a fortiori*, it would seem to be before trial, and before any answer is filed.

The court may, at any time before final judgment, in furtherance of justice, and on such terms as may be proper, amend any record, pleading, process, entry, return, or other proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case; or, when the amendment does not change substantially the claim or defence, by conforming the pleading or proceeding to the facts proved. (R. C. 1855, p. 1253, § 3.) In a corresponding provision of the New York code it has been decided that the restriction as to changing the cause of action or defence in matter of substance applies only to cases where the party seeks to amend his pleadings after trial. (Beardsly v. Storer, 7 Howard, 295; 11 ib. 170.) But the amendment in the case before us was not proposed after trial; and if it had been, the amendment, not being such as changed substantially the cause of action, should have been permitted even at that stage of the proceedings.

The causes of demurrer under the practice act are, first, that the court has no jurisdiction of the person of the defendant or the subject of the action; or second, that the plaintiff has not legal capacity to sue; or third, that there is another action pending between the same parties for the

same cause in this state; or fourth, that there is a defect of parties plaintiff; or fifth, that several causes of action have been improperly united; or sixth, that the petition does not state facts sufficient to constitute a cause of action; or seventh, that a party plaintiff or defendant is not a necessary party to a complete determination of the action. The causes assigned in the demurrer to the amended petition are, first, that the petition did not show the plaintiffs entitled to any judgment or other relief; second, that it does not show any joint right of action in the plaintiffs against the defendant; third, that the petition shows the demand against the defendant to be several and not joint; and fourth, that there is a misjoinder of parties plaintiff.

It is very obvious that there is but one ground upon which a demurrer to the amended petition could have been sustained, namely, that there were parties plaintiffs who were not necessary parties to a complete determination of the action. But this was the very objection the motion to strike out all the plaintiffs except Miller and McCart proposed to obviate; and therefore the motion should have been sustained, and the amendment allowed. Why overrule the motion and sustain the demurrer for the same objection that the motion was intended to git rid of, if, indeed, this objection of unnecessary parties was embraced in any of the causes assigned in the demurrer? If it was not, then the *demurrer* should have been overruled.

The judgment is reversed and the cause remanded; the other judges concurring.