J. HARKNESS, Admr. etc., Respondent, *vs.* S. H. JULIAN, *et al.*
Appellants,

1. *Amending pleadings—What amendments do not change nature of claim or defense.*—In suit on a note where the petition alleges that plaintiff is administrator of A., and that the note was executed by defendant to "A.," the pleading may under the Practice Act (W. S., 1035, §§ 3 and 7,) be amended by adding, that the note was transferred from "A" to "B;" that plaintiff sues as the administrator of B. Such amendment does not change the nature of the claim or defense.

*Appeal from Green Circuit Court.*

*Price & Julian,* for Appellants.

*John P. Ellis,* for Respondent.

VORIES, Judge, delivered the opinion of the court.

This action was brought on a promissory note. The plaintiff in his original petition, stated that he was the administrator of the estate of one J. H. Elam, deceased, and described himself in the caption of the petition as such, and charged, that the defendants together with one W. F. McFall by their promissory note dated, etc., for value, had promised to pay said Elam the sum of ninety dollars four months after date, with ten per cent. interest; that fifteen dollars had been paid on said note; that the balance of the note was unpaid; that since the date of the note Elam had died, and that plaintiff had been appointed his administrator, and that the balance due on said note was due him as such; and judgment was prayed.

The defendants Julian and Leathers were served with process. Defendant McFall was not found. The case was returnable to the January term of the Green Circuit Court for the year 1867.

At the return term of the writ, defendant Julian appeared and filed his demurrer to the plaintiff's petition.

The causes of demurrer assigned were: First—That the plaintiff had no legal capacity to sue as administrator of J. H. Elam as the said Elam was yet alive. Second—That petition does not state facts sufficient to constitute a cause of action. This demurrer was sustained by the court and the plaintiff, by leave of

the court, filed an amended petition. In his amended petition, plaintiff describes himself in the caption as the administrator of the estate of John N. Dysart, deceased; and states that defendants by their promissory note, filed, dated, etc., as in the original petition, promised for value to pay J. H. Elam or order, the sum of ninety dollars four months after date with interest, etc.; that the defendants had paid fifteen dollars on said note on the 28th of July, 1862; that the balance of said note is still due; that said Elam, before the maturity of the note, sold and transferred the same to John N. Dysart; that since the transfer and delivery of the note to Dysart, he had died, and that plaintiff had been appointed his administrator, and as such is entitled to the note, and prays judgment for the balance due, etc.

At the January term of said court for the year 1868, the plaintiff dismissed his suit as to the defendant McFall, and on the same day judgment was rendered in the cause against defendants Julian and Leathers. At an adjourned term of the court held in June, 1868, defendant Julian filed a motion to set aside the judgment rendered, and quash the execution in the cause, stating in the motion that he only appeared for the purposes of the motion. This motion was sustained by the court.

At the May term of said court for the year 1871, the court rendered another judgment against said defendants in said cause, in which it is stated that the plaintiff and defendants both appeared and submitted the cause to the court.

This judgment is rendered in favor of plaintiff personally, and not as administrator of Dysart. At the same term of the court, another judgment is rendered against said defendants and in favor of the plaintiff in his representative capacity as administrator of the estate of Dysart. This judgment recites that both plaintiff and defendants appeared by their attorneys, and submitted the cause to the court, etc.

At the November term of said court for the year 1871, the defendants appear and file their motion to quash the execution issued in said cause and to arrest the judgment rendered

therein; because the judgment was rendered without authority of law; because the court had no jurisdiction of the defendants at the time of the rendition of the judgment; because neither of the defendants had been summoned in the cause or had ever appeared to the merits of the case, and because the judgment is not authorized by the pleadings. This motion was heard by the court and overruled. The defendants filed a bill of exceptions, in which they excepted to the opinion of the court in overruling their motion to quash the execution and arrest the judgment. In the bill of exceptions it is stated, that upon the hearing of the motion the following record and proceedings in said cause were had, to-wit: "All of which can be found in the first part of the transcript (see index) which is all of the evidence in the cause upon the hearing of said motion, etc." The defendants excepted to the opinion of the court in overruling their motion and appealed to this court.

The record in this case presents an example of as loose and careless practice as can be found in the records of any case that has come under my observation. The suit is first brought by plaintiff, as administrator of the estate of Elam, the payee of the note sued on. The defendants demurred to this petition on the ground that Elam was still alive and could have no administrator. The plaintiff then, by the permission of the court, files an amended petition by which he describes himself as the administrator of the estate of John N. Dysart, and charges that he is the holder of the note as such. About one year after the filing of this amended petition, the suit is dismissed as to the defendant McFall, and judgment rendered against the other defendants.

In June, 1868, defendant Julian appeared for the purposes of a motion only; and filed a motion to set aside the judgment. This was sustained in May, 1870, two years after the first judgment had been set aside. Another judgment was rendered in favor of the plaintiff in his individual capacity for the amount claimed in the petition, etc. And on the next day another judgment was rendered in favor of plaintiff as administrator of Dysart.

In each of these last judgments it is stated, that both plaintiff and defendants appeared and submitted the case to the court for hearing.

At the next term of the court the motion was filed to quash the execution and arrest the judgment. It is difficult to see exactly what error the defendants relied on for the arrest of the judgment, or for the quashing of the execution, even if the motion to arrest had been filed in time.

It is stated in the motion, that the defendants had not been summoned and had never appeared to the merits; but the record shows, that they were summoned in the usual way, in conformity to the statute, to appear to the original petition, and that defendant Julian did appear and demur to the petition, and that his demurrer was sustained. It cannot be seen from the bill of exceptions, upon what facts the appellants relied, upon the hearing of their motion, to show that the court had no jurisdiction. I infer, however, that they are of the opinion, that as the plaintiff in his amended petition declared against them as the administrator of John N. Dysart, deceased, while the original petition was filed by him as the administrator of J. H. Elam, deceased, that the amendment makes an entirely new case not authorized by law, and that as the plaintiff in the action had been changed, it was an entirely new action, to which they were not bound to appear without new service in the cause; or in other words, that the amendment made was not authorized by law.

Our statute in reference to the amending of pleadings and proceedings provides, that " a petition or answer may be amended by the proper party of course without costs and without prejudice to the proceedings already had, at any time before the answer or reply thereto shall be filed." And also that " the court at any time before final judgment in furtherance of justice, and on such terms as may be proper, may amend any record, pleading, process, etc., by adding or striking out the name of any party, or by correcting any mistake in the name of a party, or a mistake in any other respect, etc.," so that it does not " *sub*

16—VOL. LIII.

*stantially change the claim or defense,"* etc. (2 W. S., 1034–1035, §§ 3 and 7.)

In the case under consideration, the amendment was made by leave of the court. It was made before answer filed, and it cannot be seen how it changed the nature of the claim or defense. The suit is still founded on the same note. It is still charged, that the note was executed by defendants to Elam, but it is added that it was transferred by Elam to Dysart, and that plaintiff owns it not as the representative of Elam, but of Dysart, it having been originally stated by mistake that the plaintiff was the administrator of Elam who was still alive. It cannot be seen how this amendment could injure the defendants, and I think it comes exactly within the objects of the statute, and that the court properly permitted the amendment. (Thompson vs. Mosely, 29 Mo., 477; Hayden vs. Marmaduke, 19 Mo., 403; Martin vs. Martin, 27 Mo., 227; Wellman's, adm'r vs. Dismukes, 42 Mo., 101.)

The amendment having been properly permitted by the court, and the defendants being properly served with process, it was their duty to answer, if they had any defense to the plaintiff's action; and they cannot now complain, and in fact they do not pretend on their motion, or in, or by any evidence in support of the motion, that they have any defense to the action, or that any injustice has been done them. They seem to rely on a technical construction of the law to set aside the judgment in the case. The defendants file no brief, merely file an assignment of errors, in which the error assigned is, that the court had no jurisdiction for the want of service on defendants, and that judgment is for the wrong party.

It appears from the sheriff's return, that defendants were served with process. One of the defendants appeared and demurred to the original petition, which demurrer was sustained, and the judgment rendered by the court shows, that the defendants appeared by their attorney, and submitted the cause to the court for hearing, and no evidence appears from the bill of exceptions to have been given upon the trial of the motion to show, that the record entries are not correct.

I have treated this case as if the motion to arrest the judgment had been filed in proper time. It was not filed until a subsequent term of the court after the judgment was rendered, but no objection was made on this ground.

There are some irregularities appearing in the record of this case, such as the rendition of two judgments in the case, but these matters are not brought before us, and no point is raised thereon.

The other judges concurring, the judgment of the Green Circuit Court is affirmed. Judge Adams did not sit.