## WARD McCLANAHAN, Appellant, v. S. C. BOGGESS, Respondent.

**Springfield Court of Appeals, April 3, 1911.**

1. **MINES AND MINING: Sale of Lease: Practice: Conflicting Evidence.** In an action for money had and received plaintiff claimed that he owned a one-eighth interest in a mining lease on forty acres of land, that defendant and others owned the other seven-eighths and that they had sold the lease on ten acres; this suit being for part of the purchase price received by defendant. Defendant claimed that under an oral agreement with plaintiff, which is set out in the answer, defendant and his associates were entitled to the money received, which was the result of their prospecting on the land at their own expense; that the purchaser had been sold only a license to mine and was still required to pay a royalty on the ore mined, of which plaintiff had received his part. The evidence is conflicting but *held* sufficient to justify the trial court to find for defendant, which finding is binding on the appellate court.

2. **PRACTICE: Pleadings: Amendments: Discretion of Trial Court.** The allowing of amendments of pleadings that do not change the character of the cause of action or defense is largely in the discretion of the trial court, and should be permitted when the ends of justice so require.

3. ————: ————: ————: ————: **Mines and Mining.** In an action by plaintiff for his share of the proceeds from the sale of a license to operate under a mining lease in which plaintiff had an interest, defendant's first answer set up that plaintiff had agreed with defendant and his associates that they might prospect the land at their own expense and reap whatever rewards that might come to them by so doing. The amended answer filed after all the evidence had been introduced, contained the defense in the first answer, and in addition alleged that defendant and his associates, after entering into the agree-

ment with plaintiff, registered upon the land according to the adopted mining rules and regulations and had complied with said rules which gave them a license to prospect and mine said land with a right to assign said license. *Held,* that the amendment did not change the substantial defense and the trial court did not abuse its discretion in permitting the amendment.

Appeal from Jasper Circuit Court.—*Hon. Henry L. Bright,* Judge.

AFFIRMED.

*D. C. Mallory* and *Frank L. Forlow* for appellant.

(1) The second amended answer which was filed as aforesaid after the case was tried and which we contended changed the defense, and should not have been allowed we are not advised just what effect this filing of this answer had upon the court. We are aware that the allowance of amendments is in a large degree in the discretion of the court but that they are not entirely so and may be refused. Joyce v. Growney, 154 Mo. 263; Garton v. Canada, 39 Mo. 222; Irwin v. Childs, 28 Mo. 576. (2) It is also true that our statutes are liberal in allowing amendments but a party is not permitted to substitute an entirely new and different cause of defense by amendment. Heman v. Glann, 129 Mo. 325; Scovill v. Glasner, 79 Mo. 449; Grymes v. Lumber Co., 111 Mo. App. 362.

*McReynolds & Halliburton* for respondent.

(1) The amendment made by defendant of his answer in this cause is specially authorized by the statute. R. S. 1909, sec. 1848. And the courts hold amendments are favored and should be liberally allowed in favor of justice. House v. Duncan, 50 Mo. 453; Carr v. Moss, 87 Mo. 447. (2) Amendments of pleading largely in the discretion of the trial court. Joyce v. Growney, 154 Mo. 253; Carter v. Dilley, 167 Mo. 562; Bennett v. Mc Canse, 65 Mo. 194; Kerr v. Bell, 44 Mo. 120; Archer v.

Ins. Co., 43 Mo. 434; Martin v. Martin, 27 Mo. 227; Irwin v. Childs, 28 Mo. 576; Russell v. Sharp, 192 Mo. 270; Nash v. Craig, 134 Mo. 347; Baxter v. McGill, 127 Mo. App. 392; Carter v. Baldwin, 107 Mo. App. 217; Sinclair v. Railroad, 70 Mo. App. 588; Robertson v. Railroad, 21 Mo. App. 633; Von Schrader v. Taylor, 7 Mo. App. 361. (3) A comparison of the first and second amended answers will show that there is no change of the defense; calls the matter in litigation a license instead of a lease and sets out the platting of the land and the posting of the rules and regulations and the registering of defendant and his co-partners on the lot, simply amplifies and enlarges the defense and conforms to the evidence, which is permissible and proper. Baltus v. Friend, 90 Mo. App. 408; Dorsey v. Railroad, 83 Mo. App. 528; Edge v. Railroad, 206 Mo. 471. (4) In fact the evidence could have been put in under a general denial, as under a general denial any fact may be proved which goes to show that plaintiff never had a cause of action against defendant. Greenway v. James, 34 Mo. 326; Young v. Glasscock, 79 Mo. 574; Madison v. Railroad, 60 Mo. App. 599; Nelson v. Brodhack, 44 Mo. 596; Coleman v. Drane, 116 Mo. 387; Bird v. Sellers, 113 Mo. 580. (4) All of the land remained the property of the lease-holders and they, including plaintiff, received their royalty on all ore taken therefrom and sold. So the finding and judgment should have gone for defendant on account of plaintiff's failure to prove the cause of action set up in his petition in a material and necessary part. Waldhier v. Railroad, 71 Mo. 514; Weil v. Preston, 77 Mo. 284; Raming v. Railroad, 157 Mo. 477; Feary v. Railroad, 162 Mo. 75; Rochester v. Mining Co., 86 Mo. App. 447; Arnold v. Bennett, 92 Mo. App. 156.

COX, J.—This action is really for money had and received. Trial before the court without a jury, issues found for defendant and plaintiff has appealed.

The petition alleges that plaintiff was the owner of a one-eighth interest in a mining lease on the southeast quarter of the southwest quarter, section 28, township 28, range 32, in Jasper county and that defendant and others owned the other seven-eighths. That ten acres of said land, to-wit: the southeast ten acres of the tract was sold for $7512.74, and this sum was paid to defendant Boggess who had refused to pay plaintiff his one-eighth part thereof to which as part owner he was entitled. The answer alleged as a defense that the owners of the land, except plaintiff, wanted to prospect on this ten acres to see if mineral could be developed and it be made producing land, but plaintiff refused to agree to do so, or to pay any part of the expense incident to the work. Thereupon the interested parties subleased from plaintiff for a consideration his one-eighth interest in said ten acres by oral agreement, and in pursuance thereto took possession thereof, and spent large sums of money prospecting, and after having discovered mineral sold a mining license upon this ten acres to the Gibson Mining Company, and that the money received was in payment for this license. That plaintiff still retained his interest in the lease and that the Gibson Mining Company was to pay a royalty to the owners of the lease in addition to what it had paid for the mining license and the plaintiff, with full knowledge of all the facts, had received and accepted his share of said royalty from said Gibson Mining Company.

After the evidence was all in the defendant filed an amended answer in which all the facts alleged in the first answer were reiterated, and in addition thereto, it was alleged that the 40 acres covered by the lease had been divided in lots and mining rules and regulations adopted under authority of which parties desiring to mine on said lots could register by consent of the property owners; that after having made the oral agreement with plaintiff, as before alleged, defendant and his

associates had registered and complied with the aforesaid rules and regulations.

The plaintiff filed a motion to strike out this last amended answer on the ground that it changed the defense. The court overruled this motion and permitted the amendment to be made and this is now assigned as error.

The allowing of such amendments to pleadings as do not change the character of the cause of action or defense is largely in the discretion of the court and should be permitted when the ends of justice so require. [Statutes 1909, section 1848.] We do not think the amendment in this case changed the defense. The defense was that plaintiff had agreed with defendant and his associates that they might prospect upon the southeast ten acres of the forty upon their own account and reap whatever rewards might come to them by reason of doing so. The allegation as to this agreement was not changed by the amendment, but it was left as in the first pleading and an addition was made to it alleging that certain mining rules and regulations had been adopted and that defendant and his associates had complied with those rules and regulations. In our judgment the addition of this allegation did not change the substantial defense and the court did not abuse its discretion in permitting the amendment.

The only other question for us to determine is whether or not the judgment is sustained by the testimony. Defendant's testimony tended to prove that he had an agreement with the plaintiff such as he had alleged in his amended answer. The testimony on the part of plaintiff tended to prove that the agreement was not as alleged in the answer, but that the agreement was that defendant and his associates might prospect on the southeast ten acres at their own expense and if paying mineral was discovered they should erect a mill upon the land, and that a mill had not been erected.

The issue raised by the testimony of the parties, plaintiff and defendant, was purely one of fact, and there was substantial testimony upon both sides of the issue. The court whose duty it was to weigh the testimony found in defendant's favor, and under these circumstances, his finding is binding upon us. The judgment will be affirmed. All concur.