HERMAN R. SCHEERER, ETC., APPELLANT, v. MARION D. WALTNER ET AL., RESPONDENTS.—29 S. W. (2d) 193.

Kansas City Court of Appeals. May 26, 1931.

838

*Stanley Garrity* for appellant.

*George Hornecker* for respondents.

ARNOLD, J.—This is an appeal from a judgment in the circuit court refusing to set aside and vacate a default judgment rendered against plaintiff herein in the justice court of Marion D. Waltner of Kaw Township, Jackson county, Missouri, and to enjoin the enforcement of said judgment.

The judgment attacked was based upon a suit for damages instituted by George W. Ronksley against Herman R. Scheerer, doing business as Economy Market, arising out of a collision between an automobile be longing to the plaintiff therein and a truck owned by the defendant in said suit. The action was filed on September 24, 1927, in the court of L. R. Toliver, an appointive justice of the peace in and for Kaw Township, Jackson County, Missouri, and by agreement was continued several times. On October 27, 1927, defendant Scheerer filed an affidavit for change of venue, alleging prejudice of Toliver, and that Marion D. Waltner, another appointive justice in said township, also was prejudiced to defendant's rights, and asked to have the cause sent to some other justice of the peace in said township. On the next court day of Justice Toliver, namely October 31, 1927, the cause was sent to M. D. Waltner, where it was tried on the following day and a default judgment rendered for plaintiff in the sum of $500. On November 5, 1927, Scheerer appeared specially in the court of Justice Waltner and filed a motion to set aside the default judgment and send the case to another justice in said township. On November 8, both parties appeared for a hearing on the motion, which was overruled.

On November 18, Scheerer filed his affidavit for appeal to the circuit court, but thereafter said appeal was dismissed, on motion of the plaintiff therein. Scheerer then filed a motion for a new trial which was pending at the time the present suit for injunction was filed.

The amended petition upon which the cause was tried alleges the facts above set out as to the history of the case in the courts of Toliver and Waltner. And the petition further alleges the said judgment rendered by Justice Waltner was void and of no effect because said justice was without jurisdiction; that Justice Waltner was appointed to hold court in the neighborhood of the 37th and White streets in Kansas City, Missouri; that he held court in violation of the order of his appointment and the statute under which he was appointed; that Justice Toliver failed and neglected to announce publicly where he was sending, or had sent, the cause on change of venue, and failed and neglected to publicly adjourn the said cause to another justice to a date certain, and failed and refused to notify plaintiff and his attorney what disposition had been made of the case.

It is further alleged the affidavit and application for a change of venue from Justice Toliver's court barred Justice Waltner, also; that Justice Waltner did not notify Scheerer or his attorney that said cause had been sent to his court; that he failed to comply with the statutes governing the matter; that no date was ever set for the trial of said cause in Justice Waltner's court, as shown by the transcript; that the affidavit and application for change of venue were not forwarded to Justice Waltner, and that he had no jurisdiction of the cause without the same. It is further alleged that defendant Ronksley and his attorney were told by Justice Toliver on October 29, 1927, where the case would be sent on change of venue; that Justice Toliver failed and refused to advise plaintiff or his attorney what disposition had been made of the case, notwithstanding diligent inquiry on the part of plaintiff's attorney; that no public announcement was made by Toliver that said cause was sent to the court of Justice Waltner; that default judgment was rendered by Waltner without said cause having been set for trial on a day certain in his court, and for these reasons said judgment was rendered through fraud, accident or mistake. It is further alleged that plaintiff has a meritorious defense; that he used due diligence and that he has no adequate remedy at law.

The record discloses that defendant Ronksley filed answer to the original petition which was amended by interlineation during the trial: but the record fails to disclose that a formal answer was filed to the amended petition, although defendant obtained leave of the court to deny specifically the new matter set out in the amended petition. The answer, as amended by interlineation, admits the

original cause was filed in Justice Tolliver's court and that an affidavit and application for change of venue were filed; admits judgment was rendered by default; admits the correctness of the said affidavit and application for change of venue, and that the original thereof was not sent to Justice Waltner. The answer denies the default judgment was rendered without jurisdiction; denies said default judgment was rendered through fraud, accident or mistake; denies that Justice Waltner or Justice Toliver failed to comply with the statutes of Missouri; denies that Scheerer has a meritorious defense; denies that Scheerer or his attorney used due diligence in ascertaining where the cause was sent by Justice Toliver on the change of venue, and alleges plaintiff Scheerer has an adequate remedy at law.

Plaintiff filed a motion for judgment on the pleadings, which was overruled, whereupon he filed reply consisting of a general denial of the allegations of defendants' answer. The cause went to trial to the court sitting as a chancellor. Judgment and decree were for defendant. Timely motions for a new trial and in arrest were overruled and plaintiff has appealed. The cause is one in equity and as required, it will be tried here *de novo*.

The first assignment is that the court erred in overruling plaintiff's motion for judgment on the pleadings, because (a) no answer was filed to plaintiff's amended petition; (b) Justice Waltner was without jurisdiction after being barred by the affidavit and application for change of venue; (c) the default judgment was rendered without a date being set for trial, and (d) Justice Waltner did not have all the original papers and was therefore without authority to render the default judgment.

As to subdivision "a" of this assignment, it is observed, as shown by the record, that the amended petition was filed May 28, 1928, and on June 28, following, the answer was amended by leave of court, by interlineation, traversing the allegations of the amended petition. On the same day plaintiff filed reply denying the allegations in the amended answer. Plaintiff takes the position that under these facts no answer was filed to the amended petition, to which we do not agree. This point is covered by the provisions of section 1274, Revised Statutes 1919, as follows:

"The court may, at any time before final judgment, in furtherance of justice, and on such terms as may be proper, amend any record, pleading, process, entry, return or other proceedings, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved."

In construing this section it has been held trial courts should be liberal in allowing amendments in furtherance of justice. [Martin v. Martin, Admr., 27 Mo. 227; McClanahan v. Boggess, 154 Mo. App. 600, 136 S. W. 237.] It is discretionary with the trial court to permit an amendment to be made out of time. [Clark v. Railway, 127 Mo. 255, 30 S. W. 121; Laughlin v. Leigh, 226 Mo. 620, 639, 126 S. W. 743.] The discretion of a trial court will not be interfered with unless it has been abused. [Drainage District v. Railway, 236 Mo. 94, 113, 139 S. W. 330; Laughlin v. Leigh, supra.] It has also been held and is the law that pleadings may be amended even after proof is submitted, in order to make them conform to the proof, provided the amendment does not substantially change the claim or defense. [Rasch v. Insurance Co., 201 S. W. 919; Oakley v. Richards. 204 S. W. 505; Adcox v. Tel. Co., 171 Mo. App. 331, 336, 157 S. W. 989.] There is no showing here that the amendment to the answer substantially changed the defense, nor is there any showing that the trial court abused its discretion in allowing the amendment by interlineation. This being true, we hold the amendment to the answer was properly allowed and, as amended, constituted the answer to the amended petition. Moreover, where an amended petition is filed it is not necessary to file an additional answer if the original answer on file raises an issue. [Bremen Bank v. Umrath, 55 Mo. App. 43.] This point is ruled against plaintiff.

Under subdivision "b" we have to deal with the question of the jurisdiction of Justice Waltner in rendering default judgment, or in hearing the case after he was attempted to be barred by the affidavit and application for change of venue, because of his bias and prejudice. It is true, as urged by plaintiff, that under section 2805, Revised Statutes 1919 (sec. 7482, R. S. 1909), applying to change of venue from a justice of the peace, the party asking the change could bar the justice before whom the case was filed and also another justice in the same township if the affidavit for the change of venue stated the other justice in the township is (1) a material witness for him, without whose testimony he cannot safely proceed to trial, or (2) that he is near of kin to either party, stating the degree, or (3) that he cannot have a fair and impartial trial before such justice.

However, this is a general law and since the act of 1913, does not apply to Kaw township in Jackson county. This act (sections 2939 to 2942, inclusive) was in lieu of the general statute and specifically repeals the provisions thereof. These sections are a part of article 9, chapter 22, Revised Statutes 1919, and outline the procedure before justices in townships of 200,000 to 400,000 population and apply to Kaw township, Jackson county. [Ellsworth v. Wilhelm, 186 S. W. 1128.] It has been held the right to a change of venue is purely statutory and has no existence outside of a special

grant of power. The sections above referred to give no such special grant. [State ex rel. v. Wofford, 119 Mo. 408, 24 S. W. 1009.] Therefore we must hold Justice Waltner was within his powers in assuming jurisdiction of the cause.

Under subdivision "C" of said assignment of error, plaintiff contends the default judgment was rendered by Justice Waltner without a date being set for trial. This is true because the transcript of the record shows that after the filing of the affidavit and application for a change of venue, Justice Toliver granted the same, transferred the case to Justice Waltner and set the trial for "November —, 1927," and that on the 1st day of November, there was a default judgment rendered for plaintiff in the sum of $500, by Justice Waltner.

It must be held that Justice Toliver was without right to set the date of the trial in Waltner's court. It may be presumed that in doing so, Justice Waltner proceeded under the provisions of section 3069, Revised Statutes 1919, which applied only to suits in forcible entry and detainer. It is plaintiff's contention that Justice Waltner failed to comply with the provisions of section 2806, Revised Statutes 1919, with respect to proceedings by a justice to whom a case is sent on a change of venue. The part of the section applying to this situation is as follows:

"The justice to whom the cause is sent shall, when he becomes possessed of the cause, forthwith proceed with the same in like manner as if it had been originally commenced before him, and he shall set the same for trial and cause the parties to be notified thereof, in writing, which notice shall be served on the parties not less than five nor more than fifteen days before the day fixed for such trial."

The testimony is to the effect, and the transcript shows, that Justice Toliver sent the case on change of venue to Justice Waltner, for hearing "November —, 1927, at 6:30 A. M." It is further shown that Justice Waltner entered default judgment for plaintiff therein on November 1, 1927, without causing the defendant "to be notified thereof, in writing." The statute also provides the notice may be served in like manner as an original writ of summons. That the notice was not served in the manner directed by statute is undisputed. This court held in Cullen v. Collison, 110 Mo. App. 174, 177, 80 S. W. 290:

"There is no question but what the notice was not served in the manner directed by the statute; and until the statute in that respect was complied with, or such notice was waived, any judgment rendered by the justice was premature. But it was not void. The court had jurisdiction of the subject-matter of the suit and of the parties. When the court has jurisdiction of the parties and the

subject-matter its judgment is not open to collateral attack, even though rendered prematurely. It is a well-established principle that a judgment regular on its face cannot be impeached collaterally, and this rule applies to judgments rendered by justices of the peace.''

In that case the notice required by section 2806 was served on defendant's attorney and not on the defendant. In that situation the court ruled as above indicated. In the case at bar, neither the defendant nor his attorney was notified as required by the statute. From this situation it must be concluded, as in the Cullen case, that the judgment was "premature but not void." However, if it was premature, it was voidable. In the case at bar, defendant, by motion to set aside, attempted to void the judgment because of noncompliance with the statute with respect to notice, but was unsuccessful. He then appealed to the circuit court and, on December 16, 1927, his appeal was dismissed for failure to appeal within the statutory period.

In a recent case, State v. Hobbs, 218 Mo. App. 448, 279 S. W. 200, it was held a justice of the peace has no power to make a *nunc pro tunc* entry. Citing Norton v. Porter, 63 Mo. 345; Smith v. Chapman, 71 Mo. 217; Tyree v. Navran, 215 Mo. App. 630, 258 S. W. 717. In the case last cited it was held that a judgment entered in a justice docket which is clear and unambiguous cannot be collaterally attacked except for fraud, accident or mistake. The reason underlying the rule that a justice of the peace may not make a *nunc pro tunc* entry is that justice courts are inferior tribunals, possessing only statutory jurisdiction and not proceeding according to the course of the common law; and therefore no intendment is allowed in their favor. It may be added that justices are not required to keep notes in the progress of trials before them; hence the rule as to *nunc pro tunc* entries. Section 2727, Revised Statutes 1919, requires every justice to keep a docket in which he shall make the entries required by the section, and it has been held that when an entry required by law is made therein, it becomes a final entry; a judgment so entered becomes final. It follows the justice may not sustain a motion to set the same aside. Therefore Justice Waltner properly ruled that he could not sustain the motion to set aside the default judgment. As stated, Scheerer attempted to appeal to the circuit court, but was blocked by having his appeal dismissed for failure to bring it within the statutory period. Thus Scheerer was forced to resort to an equity proceeding for relief.

If the plaintiff had actually appealed, then, under authority of Cudahy Packing Co. v. Railway Co., 287 Mo. 452, 230 S. W. 82, he would have waived the defect of jurisdiction over his person. But in this case the rendition of the judgment was concealed from

him until it was too late to appeal; and his attempted appeal was a nullity.

The testimony shows that in various ways Scheerer's counsel attempted to ascertain what had been done in Toliver's court in respect to the case, but without avail; that when it was learned the cause had been sent to Justice Waltner, the default judgment had been entered, and that steps were then taken to vacate and set it aside, as above stated. There can be no doubt that Scheerer was not notified in writing by Justice Waltner, as required by section 2806; that the case had been sent to him on change of venue and an attempt made to set a date for hearing thereon. These facts are shown both by the record and the evidence. Accordingly, we are constrained to hold the trial court erred in refusing to set aside and vacate the default judgment rendered in the court of Justice Waltner.

What we have said precludes the necessity of discussing other points raised by defendant. Under the rule in equity cases, this court will render the judgment which should have been rendered by the court below. The judgment of the circuit court is reversed and the cause remanded with directions to enter judgment for plaintiff in accordance with this opinion. *Bland, J.*, concurs; *Trimble, P. J.*, absent.