Herbert L. REARRICK and Lois Marie Rearrick, Husband and Wife, Plaintiffs-Respondents,

v.

Wanda L. NICKELS and John D. Ferguson and Wanda Ferguson, Husband and Wife, and James K. Ferguson and Lenna Ferguson, Husband and Wife, Defendants-Appellants.

No. 12321.

Missouri Court of Appeals, Southern District, Division One.

Sept. 7, 1982.

Margaret Bush Wilson, Wilson, Smith & McCullin, St. Louis, for defendants-appellants.

Arthur B. Cohn, Waynesville, for plaintiffs-respondents.

FLANIGAN, Judge.

In this action to quiet title, the trial court, on April 10, 1981, entered judgment in favor of plaintiffs and against defendants. On April 20, 1981, defendants filed a motion to set aside the judgment and that motion, after evidentiary hearing, was denied. Defendants appeal.

The so-called judgment of April 10, 1981, was entered pursuant to a "Motion for Judgment on Settlement" filed by plaintiffs on March 17, 1981. A copy of the motion was mailed to defendants' counsel, Ms. Margaret Bush Wilson, and received by her "on or about March 18, 1981."

Accompanying defense counsel's copy of the motion was a notice, signed by plaintiffs' attorney, Arthur B. Cohn. The notice contained the caption of the case and was directed to attorney Wilson. The body of the "Notice" reads: "Please take notice that I will take up the Plaintiff's 'Motion For Judgment On Settlement' before the Circuit Court of Pulaski County, Missouri, on the ____ day of April, 1981, at 9:00 A.M., or soon thereafter, as counsel may be heard." Defendants did not appear on April 10.

With exceptions not applicable here, Rule 44.01 V.A.M.R. reads, in pertinent part: "A written motion ... and notice of the hearing thereof shall be served not later than five days before the time specified for the hearing."

As succinctly stated in *Czapla v. Czapla*, 538 S.W.2d 53, 54[3] (Mo.App.1975): "Defendant received only half of the requirements of Rule 44.01—a copy of the written motion. Without notice that he must appear at a certain time, his failure to appear at the hearing could not be considered a default."

The failure of the purported notice to designate the date of the hearing rendered it defective.

The so-called judgment of April 10, 1981, is hereby reversed and the cause remanded.

TITUS, P. J., and MAUS, J., concur.

GREENE, J., recused.