In re the MARRIAGE OF Virgil Keith WHEELER and Ada Jane Wheeler,

Virgil Keith Wheeler,
Petitioner–Respondent,

and

Ada Jane Wheeler,
Respondent–Appellant.

No. 14984.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 21, 1988.

Steven Privette, Willow Springs, for petitioner-respondent.

John N. Wiles, West Plains, for respondent-appellant.

PREWITT, Presiding Judge.

Judgment by default was entered against appellant. A motion to set aside the judgment was denied and this appeal followed.

On January 29, 1986, petitioner-respondent (hereinafter respondent) filed a petition seeking dissolution of the parties' marriage, division of their marital property and visitation privileges with their two minor children. At that time the children were living with appellant in Spring, Texas. On June 4, 1986, the petition was served on appellant, apparently by the Howell County, Missouri sheriff. Respondent filed an amended petition on June 5, 1986, seeking custody of the parties' children. On July 3, 1986, appellant filed pro se a pleading styled "Special Appearance and Original Answer". It contained a Houston, Texas address for appellant. On August 9, 1986, appellant was served with the amended petition in Harris County, Texas.

A default judgment was entered in the Circuit Court of Howell County on September 15, 1986, dissolving the parties' marriage, dividing their property and awarding respondent custody of the two children. Apparently counsel for respondent and the trial court viewed appellant as being in default because she filed no response to the amended petition after it was served upon her.

Following the entry of the judgment appellant filed a motion to set it aside. Among her contentions were that she received no notice of the hearing where judgment was entered. Respondent does not contend that she did receive any notice. This lack of notice is presented on appeal

as the basis for reversing the judgment. In considering this question we first mention certain rules generally followed.

■ A party not in default is entitled to notice of a trial setting, *Walsh v. Walsh*, 652 S.W.2d 274, 275 (Mo.App.1983) and, if hearing on a motion is allowed under local procedures, notice of the time of that hearing, *Rearrick v. Nickels*, 639 S.W.2d 392, 393 (Mo.App.1982).

■ Strict rules pertaining to default judgments are less rigorously applied in dissolution cases, especially where they involve child custody. *Hayes v. Hayes*, 671 S.W.2d 423, 425 (Mo.App.1984); *Hinson v. Hinson*, 518 S.W.2d 330, 332 (Mo.App. 1975).

"It is ancient law in this state that no new response to an amended pleading is required where such amendment does not raise new matters [citing cases], or where an amended petition is filed and the original answer on file raises the issues." *Kroh Brothers Development Co. v. State Line Eighty–Nine, Inc.*, 506 S.W.2d 4, 14 (Mo.App.1974). See also *Scheerer v. Waltner*, 225 Mo.App. 837, 29 S.W.2d 193, 195 (1930); *The Breman Bank v. Umrath*, 55 Mo.App. 43, 50 (1893).

Although a new issue was raised in the amended petition, custody of the children, appellant's pleading raised the issue of jurisdiction of the court to take any action other than to dissolve the marriage. Before setting forth a "general denial" to the petition appellant purported to make a "special appearance" to contest the court's jurisdiction for most of the relief requested. That pleading raised an issue equally applicable to the petition and the amended petition.

■ Appellant's "special appearance" was the type of pleading often previously used to contest a court's jurisdiction over the person but which is no longer necessary. Want of jurisdiction over the person may be raised by answer or by motion at the option of the pleader, but it is not necessary to use the label of "special appearance" in either the motion or an answer. *State ex rel. Metal Service Center*

*v. Gaertner*, 677 S.W.2d 325, 327 (Mo. banc 1984). The use of a "special appearance" was a "historical" way to challenge jurisdiction over the person before Missouri adopted the Civil Code of 1943. *State ex rel. White v. Marsh*, 646 S.W.2d 357, 359–361 (Mo. banc. 1983).

Respondent contends that appellant's "special appearance" was a part of the answer and because the answer was not verified as required by § 452.310.4, RSMo 1978, it was ineffective as "[t]his requirement [verification] is jurisdictional". Respondent cites *Hibdon v. Hibdon*, 589 S.W. 2d 646, 647 n. 1 (Mo.App.1979) for its statement that the petition and answer in a dissolution must be verified and that "[s]uch verification is jurisdictional."

Although an answer might be invalid for lack of verification, we fail to see how it could deprive a court of jurisdiction where a properly filed petition is before the court. Nevertheless, as we view the "special appearance" as a motion filed with but separate from the "answer", the issue of lack of verification is not reached as no such requirement is made of a motion. Rule 55.27(a). Of course, if a motion has been filed but no answer, an answer may be filed within ten days after notice of the ruling on the motion unless a different time is fixed by court order. Rule 55.25(c).

Counsel for respondent contends that the court proceeded properly citing *Selby v. Crown Life Ins.*, 189 S.W.2d 135, 137 (Mo. App.1945). There a special appearance was made to challenge jurisdiction and an answer was also filed. The court said that although "it would have been better practice for the court to have settled the question of its jurisdiction before undertaking to hear the evidence upon the merits ... it is nevertheless of no fatal consequence that the court pursued the other course." However correct that statement may be, the case does not indicate that notice may be dispensed with.

■ By special appearance appellant sought dismissal or denial of most of the relief requested and as such presented a motion that raised jurisdictional issues ap-

plicable to the amended petition. If an answer can frame issues that continue although an amended petition is filed and no new answer to it is filed, a motion can do likewise. Because of the motion appellant was not in default. Appellant was entitled to notice of the hearing on the motion, or notice of the trial, if the answer was valid and the motion was going to be heard with the trial. She received neither.

The judgment is reversed and the cause remanded to the trial court with directions that it set aside the judgment, set a hearing date to consider appellant's motion labeled "special appearance" and otherwise proceed in accordance with this opinion.

FLANIGAN and MAUS, JJ., concur.

HOGAN, J., not participating.