Harold A. HEAD, Plaintiff-Respondent,

v.

**KEN BENDER BUICK PONTIAC, INC.,**
a corporation, Defendant-Appellant.

No. 33567.

St. Louis Court of Appeals,
Missouri.

Feb. 24, 1970.

Motion for Rehearing or to Transfer to Supreme Court Denied March 31, 1970.

Application to Transfer Denied
May 11, 1970.

Blumenfeld, Kalishman, Marx & Tureen,
St. Louis, for appellant.

Dalton & Zollmann, David A. Dalton, St. Charles, Larry Dent, Manchester, for respondent.

WEIER, Commissioner.

More than thirty days after default judgment, the defendant corporation filed a motion to set aside the judgment for irregularities. The motion was denied and defendant appeals. We affirm.

The pertinent facts are procedural. On September 24, 1968, plaintiff's petition was filed in two counts. Count one prayed for damages in the amount of $1890.72 because of fraudulent misrepresentation. Count two prayed for punitive damages in the sum of $25,000.00. Admittedly, summons was duly served upon the defendant. No answer or other pleading was filed in court nor was any appearance made by defendant or any attorney on its behalf prior to judgment. After a hearing held in the trial court on November 22, 1968, with the plaintiff appearing and testifying, judgment was entered. It found for plaintiff in the sum of $1890.72 actual damages and the sum of $5,000.00 for punitive damages.

On January 14, 1969, defendant corporation which by that time had been apprised of the judgment, filed a motion to set it aside for irregularities. This motion, later amended, was denied May 23, 1969. It is from this last order that defendant appealed.

 Before we attend defendant's appeal, we are first confronted with a motion filed by plaintiff to dismiss for the reason that the notice of appeal was not timely filed under Civil Rule 82.04, V.A.M.R. This allows ten days for such action after the judgment or order appealed from becomes final. Plaintiff contends that the motion filed by defendant to set aside the judgment was an after-trial motion; hence

on the ninetieth day after it was filed, absent any court action, it was automatically overruled under Civil Rule 82.05(a), V.A.M.R.

Plaintiff overlooks the fact that the motion to set aside the judgment was not a motion for new trial or "after-trial" motion, referred to in Civil Rule 82.05(a). Rather it is one of the six methods or remedies afforded to parties to set aside a final default judgment. Diekmann v. Associates Discount Corporation, Mo.App., 410 S.W.2d 695, 700[7, 8].

The expiration of ninety days after the filing of the motion on January 14, 1969, and before the court's denial on May 23, 1969, would have no effect. For an appeal lies from the order overruling or denying a motion to set aside a judgment for irregularities. Harrison v. Slaton, Mo., 49 S.W.2d 31, 34[1]; Casper v. Lee, 362 Mo. 927, 245 S.W.2d 132, 135[1]. The motion to dismiss the appeal is therefore denied.

 Turning now to defendant's appeal, error is first charged because of a procedural rule violation by the trial court. Defendant contends that Rule 5(3) of the Eleventh Judicial Circuit prohibits the taking of default judgments on any day other than the first Monday of each month. Since the judgment in this case was taken on November 22, 1968, obviously not the first Monday, defendant urges that this is a procedural irregularity and hence is a ground to sustain his motion.[1]

We must first point out that Rule 5(3) of the Eleventh Judicial Circuit is not set out in the transcript filed in this case nor is it an exhibit incorporated in the record and filed with the transcript. This court cannot take judicial notice of rules of the circuit courts within the geographical boundaries of its jurisdiction. Pesch v. Boswell, Mo.App., 84 S.W.2d 151, 152[1].

---

1. For a full discussion of the requirements for sustaining such a motion with examples together with other methods which may be used to attack judgments, see Diekmann v. Associates Discount Corporation, Mo.App., supra; Robinson v. Clements, Mo.App., 409 S.W.2d 215; 28 M.L.R., p. 281 (1963).

If counsel relies on rules of the trial court, they must be brought to the attention of the appellate court by being introduced in evidence or embodied in the record. Sturdivant Bank v. Wright, 184 Mo.App. 164, 168 S.W. 355, 358[10]; Civil Rule 82.-14(a), V.A.M.R.

Although this court is bound by the record before it and may not go outside that record (Williams v. Kaestner, Mo. App., 332 S.W.2d 21, 30[12] ), we advise defendant that even if Rule 5(3) of the circuit court were properly before us, the version presented could not be relied on to reverse that court. Rule 5(3) as set out in defendant's brief reads:

"Default: Cases in default *may* be prosecuted to final judgment in Division No. 1 on any Law Day." (Emphasis ours.) The brief further informs us that the court schedule sets law day on the first Monday of each month.

Note that the language used is permissive, not mandatory. It allows defaults to be prosecuted on any law day but does not make this obligatory.

█ The second and final point relied on by defendant is error of the court below in failing to sustain the motion to set aside the judgment on the ground that there was not sufficient evidence presented to the court to enable it to enter the judgment. But this is no basis for reversing the trial court. A motion to set aside the judgment because of procedural irregularity is ineffective for testing the sufficiency of the evidence. Edson v. Fahy, Mo., 330 S.W.2d 854, 859[8]. The evidence heard at the trial of a case cannot be reviewed on this motion. Its sufficiency to authorize the judgment must be assumed. Harrison v. Slaton, Mo., 49 S.W.2d 31, 36 [12].

█ Defendant in its reply brief would seem to request that we consider the motion to set aside the judgment as an equitable action, and convert the motion to set aside the judgment to a petition to set

aside because of fraud. Such fraud would have to be "extrinsic" as opposed to "intrinsic" fraud. The fraud that vitiates a judgment is a fraud which goes to its procurement, not fraud relating to the merits of the action. Fadler v. Gabbert, 333 Mo. 851, 63 S.W.2d 121, 129[12]; Reis v. La Presto, Mo., 324 S.W.2d 648, 653[8]. We have searched the record and find no indication of any fraud which went into the procurement of the judgment. Nothing was done by plaintiff after the filing of the suit which would have misled the defendant in any way. In fact there is a total absence of evidence showing any communication between plaintiff and defendant, their counsel, or their agents, messengers or communicants who might or could have caused defendant not to appear and defend. No acts constituting fraud are pleaded in defendant's motion. The cases of J. R. Watkins Co. v. Hubbard, Mo.App., 343 S. W.2d 189, involving a false promise, and Robinson v. Clements, Mo.App., 409 S.W. 2d 215, involving a false representation and a false promise, urged as authorities for defendant's belated position, are not in point since the facts are not referable to those at bar. They involved extrinsic fraud which went to the procurement of the default judgments.

We find no irregularity in the judgment which is patent on the record. Since this is required to sustain the granting of the motion to dismiss, the order of the trial court denying defendant's motion must be sustained.

PER CURIAM:

The foregoing opinion by WEIER, C., is adopted as the opinion of this Court. Accordingly, the motion of plaintiff to dismiss the appeal is denied and the order of the trial court denying the motion to set aside the judgment for procedural irregularities is affirmed.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.