Hampton BANK, Plaintiff-Respondent,

v.

Christian H. PFEIL and Rose Pfeil,
Defendants-Appellants.

No. 36629.

Missouri Court of Appeals,
St. Louis District,
Division Two.

May 25, 1976.

James P. Hayes, St. Louis, for defendants-appellants.

Jack Muehlenkamp, Muehlenkamp, Heitmann & Murray, St. Louis, for plaintiff-respondent.

STEWART, Judge.

Defendant appeals from an order of the Circuit Court of St. Louis County dismissing his appeal from the Magistrate Court for failure to pay costs for security.

Plaintiff, Hampton Bank, filed a petition in the Magistrate Court of the City of St. Louis, stating that it was the legal holder in due course of defendants' Retail Installment Contract and Promissory Note, owing $1,087.93. Defendants answered that their account was fully paid and filed a counterclaim alleging that plaintiff unlawfully seized and converted a 1970 Ford Maverick which secured the note and contract sued upon. Plaintiff denied the allegations of the counterclaim.

Plaintiff's motion for change of venue was granted and the cause was sent to the Magistrate Court of St. Louis County.

The jury returned a verdict in favor of the plaintiff on their claim plus costs, and in favor of the defendants on their counterclaim in the amount of $365.80. Defendants appealed to the Circuit Court on May 31, 1974. Thereafter, on October 2, 1974, plaintiff filed a motion to dismiss, as follows:

681

"Comes now the Plaintiff and for its Motion to Dismiss states to the Court the following, to-wit:

1. That on the 24th day of May 1974, judgment was rendered in the Magistrate Court in the above said cause and, thereafter, on the 30th day of May 1974, the Defendants filed their Notice of Appeal to the Circuit Court, County of St. Louis, State of Missouri.

2. That the costs necessary for setting the above matter to be heard by the Circuit Court has not been deposited by the Defendants all in accordance with the court rules.

WHEREFORE, Plaintiff prays this Honorable Court to enter its order ordering the Defendant to secure the necessary costs or in the alternative to dismiss the appeal heretofore filed and return the same to the Magistrate for reinstatement of the judgment therein obtained."

The Circuit Court sustained the motion and this appeal followed.

The sole issue on this appeal is whether the trial court erred in sustaining the plaintiff's motion to dismiss defendants' appeal to the Circuit Court for failure to pay costs in the Circuit Court.

Plaintiff's motion to dismiss defendants' appeal from the Magistrate Court did not attack the merits of defendants' defenses or counter-claim. No statute or rule of the Supreme Court requires a defendant to secure cost. Before we can affirm there must be some evidence of record to justify the action of the trial court. See *Fine v. Waldman Mercantile Company*, 412 S.W.2d 549 (Mo.App.1967).

In its appellate brief the plaintiff contends that St. Louis Circuit Court Rule 3(A)(6) requires the appellant to deposit security for costs on an appeal from the Magistrate Court to the Circuit Court and is controlling here. Initially, we recognize that Supreme Court Rule 50.01 authorizes the trial court to promulgate Rules of Court "governing the administration of judicial business if the rules are not inconsistent with the rules of this Court, the Constitution or statutory law in force." *Meadow-*

*brook Country Club v. Davis*, 421 S.W.2d 769 (Mo. banc 1967); *Wade v. Wade*, 395 S.W.2d 515, 517 (Mo.App.1965). Further, the "rules of court properly adopted are binding on the court and its officers as well as on the parties and their counsel, and ordinarily it is the duty of the court to enforce them . . ." 21 C.J.S. Courts § 176. Finally, failure to deposit security for costs is a basis for dismissal, which may rest in the sound discretion of the court. See, 20 C.J.S. Costs § 173, at 406.

However, this court cannot take judicial notice of rules of circuit courts within the geographical boundaries of its jurisdiction, and if counsel relies on such rules, they must be preserved for appellate review by being introduced into evidence or made part of the record. *Head v. Ken Bender Buick Pontiac, Inc.*, 452 S.W.2d 596, 597 (Mo.App. 1970); S.Ct. Rule 81.14(a). In the case before us, the Circuit Court Rule cited by plaintiff in his brief was not introduced into evidence, set out in the record, nor attached thereto as part of it.

In the alternative, plaintiff also asserts that Supreme Court Rule 77.03 is decisive of the present issue. That rule states that "On an appeal from a magistrate's court, if the plaintiff be respondent, he shall not be required to [secure] costs." See also § 514.030, R.S.Mo.1969. We disagree, however, that the rule is decisive of the issue before us. We do not find that Rule 77.03 places an affirmative duty upon defendant to secure said costs, but merely relieves plaintiff, as respondent, of such duty.

Further, we find no other legal authority to justify the action of the trial court. Accordingly, the judgment is reversed and remanded to the Circuit Court for proceedings consistent with the opinion herein.

CLEMENS, P. J., and KELLY, J., concur.