Henry McKINNIES, Respondent,

v.

UNIVERSAL CARTAGE AND DELIVERY SERVICE CO., INC., a corporation, Appellant.

No. 39616.

Missouri Court of Appeals, Eastern District, Division Four.

May 15, 1979.

Michael J. Pitzer, John J. Horgan, Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, St. Louis, for appellant.

George D. Chopin, St. Louis, for respondent.

DOWD, Presiding Judge.

Universal Cartage and Delivery Service Co. appeals from the Circuit Court's denial of its motion to set aside a stipulation to the dismissal of a claim.

Respondent, Henry McKinnies, filed a petition against appellant in the Circuit Court of the City of St. Louis to recover $15,000 for injuries suffered by his person and property following an automobile collision with appellant on September 25, 1974. Appellant filed an answer denying respondent's allegations, and raising the issue of the latter's contributory negligence. Appellant also filed a counterclaim against the respondent in which it sought to recover $2,800 for property damages sustained in the collision by its truck.

An agent of appellant's insurance carrier negotiated a settlement of respondent's claim with the latter's attorney. Thereafter, a stipulation for dismissal of the claim was prepared by respondent's attorney, signed by Mr. McKinnies, and filed by appellant's attorney on July 11, 1977. When the bill for court costs was forwarded to the law firm which represented the appellant, a member of the firm discovered that the stipulation purported to dismiss not only respondent's personal injury claim, but also, the entire suit.

The stipulation read as follows:

"All matters and things in controversy having been compromised and settled, it is hereby stipulated that the within cause may be dismissed with prejudice at defendant's costs."

On August 10, 1977 appellant's attorney filed a motion to set aside the stipulation and to reform the release. The verified motion set forth the following contentions: the defendant's insurance agent negotiated a settlement of plaintiff's claim with the latter's attorney; this negotiation resulted in the signing of a claims release by the plaintiff and the filing of a stipulation of dismissal; the insurance agent was not aware of the fact that the defendant had filed a counterclaim against the plaintiff; the counterclaim was not discussed during settlement negotiations; and said counterclaim was not intended to be resolved by the settlement of plaintiff's claim; the insurance agent lacked the authority to negotiate or effect a settlement of defendant's counterclaim; and defendant had no direct knowledge of the settlement of its counterclaim and that it was not intended or contemplated that defendant's counterclaim be dismissed. Following a hearing on the motion that same day, the motion was denied. Respondent did not produce any evidence in opposition to the motion. The trial judge gave no reason for the denial of the motion.

In its appeal from the court's order overruling the motion, appellant contends that the verified motion was competent evidence; that the facts contained in the motion indicated that the settlement was intended to compromise only respondent's personal injury claim, that the insurance agent was unauthorized to negotiate a settlement of the counterclaim; and, that a full hearing on the issue should have been ordered by the court.

We need not address each complaint raised by the appellant, for we regard one point as being dispositive of this appeal.

 It is well established that a stipulation entered into under the court's superintendence will be enforced until it is challenged or set aside. *Landers v. Smith*, 379 S.W.2d 884 (Mo.App.1964). A stipulation of settlement of claims may be set aside upon proof of fraud or mistake. In order to establish mutual mistake, the moving party must show that there existed a "misconception of fact"; that said fact was material; that the party relied upon said fact to its detriment; and that its reliance was justifiable. *Southern Agency Company v. La-Salle Casualty Company*, 393 F.2d 907, 914 (8th Cir. 1968). Immediate parties to a compromise or settlement upon which a stipulation of dismissal is predicated, are ordinarily estopped from litigating counterclaims which stem from the underlying claim. *England v. Yellow Transit Co.*, 240 Mo.App. 968, 225 S.W.2d 366 (1949). In order for the settlement embodied in the stipulation to estop appellant from proceeding with its counterclaim however, it must be proved that appellant had knowledge of the settlement of the plaintiff's claims, consented to, ratified or approved the purported dismissal of its counterclaim, or extended authority to its insurance carrier or the carrier's attorneys to dismiss the counterclaim. *Faught v. Washam*, 329 S.W.2d 588 (Mo.1959).

There is no such evidence in the record before us. In fact, the evidence before us indicates that the insurance agent was unaware of the fact that a counterclaim had been filed by its insured, and had no authority to negotiate the settlement of same. The verified motion also contained the assertions that appellant neither had direct knowledge of the settlement negotiations, nor affirmed the stipulation. As the verified motion was undenied, it may be regarded as competent evidence of the facts stated therein. *Kingsley v. Burack*, 536 S.W.2d 7[1] (Mo. banc 1976); Rule 55.28. We are of the opinion that the court's failure to set the motion for a hearing at a later date when both parties could produce evidence on the issue of the apparent mutual mistake inherent in the settlement, amounted to an abuse of discretion.

Accordingly, this case is reversed and remanded for a full hearing on the motion to

set aside the stipulation for dismissal and reform the release.

Reversed and remanded.

CRIST, J., and ALDEN A. STOCKARD, Special Judge, concur.