H. Glenn WEBER, Respondent,

v.

George R. HOESCH, Appellant.

No. 41250.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 15, 1980.

---

1. The standard has recently been changed as set out in *Seales v. State*, 580 S.W.2d 733 (Mo. banc 1979).

Edward C. Cody, Klutho, Cody & Kilo, St. Louis, Prudence L. Fink, Union, Robert H. Wendt, St. Louis, R. Terence Crebs, Clayton, for defendant-appellant.

Thomas J. Briegel, Union, for plaintiff-respondent.

CLEMENS, Senior Judge.

Defendant George H. Hoesch appeals from a $80,016 judgment rendered against him on his unpaid promissory note.

Both parties and the trial court refer to this as a "default judgment". That is a mis-nomer since here defendant had entered his appearance, filed answer, and been duly notified of, but did not appear personally or by counsel at the trial on July 5, 1979. The trial court heard and rendered judgment on plaintiff's evidence that defendant had defaulted on payment of his note. As to the mis-nomer of "default judgment" in such instances see *Hinson v.*

*Hinson*, 518 S.W.2d 330[2] (Mo.App.1975); *J. G. Jackson Associates v. Mosley*, 308 S.W.2d 774[3] (Mo.1958), and *State ex rel. Jones v. Reagan*, 382 S.W.2d 426[5, 6] (Mo. App.1964).

We consider defendant's challenge to the judgment.

■■■ By his first point defendant contends he had no notice of the trial setting, that he had been abandoned by his attorney, and that by his answer he had raised a meritorious defense. As stated above, defendant's counsel had been duly notified of the trial setting and that notice was binding on defendant. *Ward v. Cook United, Inc.*, 521 S.W.2d 461[15] (Mo.App.1975). Defendant's contention his attorney abandoned him is unsupported by the record. His counsel appeared for him after judgment, but neither defendant nor his counsel gave any explanation excusing them from failing to appear at the duly scheduled trial. Further, we do not find merit to the required assertion of a meritorious defense; this, since by defendant's answer he admitted the execution of his note and his failure to pay. We deny defendant's first point.

■■■ Defendant also challenges the judgment on the ground he was not notified of its entry. His reliance on Rule 74.78 V.A.M.R. is misplaced since the rule does not apply to a defendant "who is not in default for failure to appear", which plaintiff was. Furthermore, defendant was not prejudiced by lack of notice. This because on the eighth day after judgment, while it was still in the breast of the court, defendant moved to set it aside. The relied on lack of notice of the judgment was neither required nor prejudicial.

Defendant's further challenges concern a welter of attacks against the initial dismissal of his counterclaim. This passed out of the case when the trial court set this order aside and amended it to rule that the counterclaim was "dismissed without prejudice".

Judgment affirmed.

DOWD, P. J., and REINHARD and CRIST, JJ., concur.