STATE of Missouri, Respondent,

v.

Ezzard EARL, Defendant Wallace Wicks, Surety, Appellant.

No. 46710.

Missouri Court of Appeals, Eastern District, Division Three.

June 19, 1984.

Frank R. Fabbri, St. Louis, for appellant.

Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Presiding Judge.

Appellant-surety appeals from a judgment on the state's motion after a bond forfeiture. Defendant was charged with receiving stolen property and bond was set at $2,500.00. Appellant posted bond as surety for defendant. When defendant failed to appear in court as scheduled, the court declared the bond forfeited. The state filed a motion for judgment of default of bail bond. Appellant received notice that the judgment hearing was set for October 18, 1982 in Division 16 of the Circuit Court of St. Louis. Appellant was granted a continuance until November 22, 1982. The state was granted a continuance until December 27, 1982.

On December 27, 1982, appellant attempted to appear in Division 16 of the St. Louis Circuit Court. However, the usual courtroom for Division 16 was closed due to carpenter work. The judgment hearing was held in Division 23 and appellant was not present. Appellant maintains that he had no notice of the change of the place of hearing. He claims he learned that Division 16 proceedings were being held in Division 23, but when he arrived at Division 23 the doors to the courtroom were locked. The only way to get to the judge's chambers was to pass through a door labelled authorized personnel only, a procedure he elected not to pursue.

On appellate review of court-tried cases, the trial court judgment will be upheld unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

The purpose of the motion for judgment of default of the bail bond is to notify the surety of the default of the principal and to afford them an opportunity to show cause why judgment should not be awarded against them. *State v. Foster*, 512 S.W.2d 448, 450 (Mo.App.1974). Here, appellant received the initial notice but was not informed where the hearing would be

held on December 27, 1982. Without that notice appellant was denied the opportunity to show cause why the judgment should not be awarded.

The lack of accurate and complete notice denied appellant due process of law. *Division of Employment Security v. Smith,* 615 S.W.2d 66, 68 (Mo. banc 1981). As the United States Supreme Court noted in *Fuentes v. Shevin,* 407 U.S. 67, 80, 92 S.Ct. 1983, 1994, 32 L.Ed.2d 556 (1972), the right to notice and the opportunity to be heard must be granted at a meaningful time and in a meaningful manner. Appellant should either have been told of the change of courtroom or a notice should have been posted on the door of Division 16 directing parties to Division 23 chambers.[1]

As appellant was denied due process of law we reverse the judgment and remand the cause of action to the trial court to afford appellant the opportunity to show if or why he should not be required to pay on the bond.

REINHARD and CRANDALL, JJ., concur.

---

**1.** Rule 33.14 provides that by entering into a bond the obligors appoint the clerk of the court as their agent upon whom any papers affecting liability may be served. Notice is served on the clerk of the court who must mail a copy to the surety. Here the clerk forwarded the original notice to appellant. The record does not disclose if the clerk was informed of the change of courtroom.