Jess A. MASTERSON, d/b/a Masterson Seed Company, a/k/a M & W Grain Company, Plaintiff-Respondent,

v.

Larry NIELSEN and Linda Nielsen, Defendants-Appellants.

No. 13519.

Missouri Court of Appeals, Southern District, Division One.

Sept. 24, 1984.

George D. Nichols, Lamar, for plaintiff-respondent.

Thomas E. Klinginsmith, Carthage, for defendants-appellants.

GREENE, Judge.

Larry and Linda Nielsen, husband and wife, appeal from the trial court's order denying their motion to set aside a $10,000 default judgment entered against them.

On March 16, 1983, plaintiff, Jess A. Masterson, d/b/a Masterson Seed Company, sued the Nielsens and Paul Rehmke, alleging the defendants had breached their contract to sell him 200,000 pounds of fescue seed at 13 cents a pound. Masterson alleged that because of defendants' failure to furnish the seed, and in order to fulfill his contractual obligations, he was forced to purchase the seed from other suppliers at a price of 18 cents a pound, thereby damaging Masterson in the sum of $10,000.

The Nielsens, by answer filed by their attorney, made a general denial, and also stated that if any contract had been entered into between the parties, it was void because 1) there was no consideration for it, or 2) the contract was mutually rescinded.

On September 7, 1983, the Nielsens' attorney filed a motion to withdraw, a copy of said motion being mailed to the Nielsens. On or about September 9, 1983, the Nielsens received a "Speed Letter" from the trial judge stating "Motion set October 26, 1983 at 9:00 A.M. in Carthage."

On September 14, the trial court sustained defendants' attorney's motion to withdraw, and reset the cause for trial for September 21. Although the trial court mailed notice of the new setting to the Nielsens on September 14, there is no showing in the record that they received notice of the hearing until it had already been heard by the trial court on September 21. The Nielsens had left for Iowa in the early morning hours of September 17, 1983, to attend a family funeral, and did not return home until late in the evening of September 20. Upon opening his mail the morning of September 21, Larry Nielsen found out that trial had been held on the matter in question earlier that day. The Nielsens then employed new counsel, who filed a motion to set aside the default judgment entered against the Nielsens on September 21, 1983. The motion was denied by the trial court.

We should not interfere with the trial court's denial of the motion unless we firmly believe the trial court abused its discretion in doing so. To be entitled to a reversal of the trial court's order refusing to set aside a default judgment, the defaulter must show, as basic prerequisites, that he has a meritorious defense, and that good reason or excuse existed which could explain away the default. *Smiley v. Cardin*, 655 S.W.2d 114, 117 (Mo.App.1983).

In applying this test, we note that defendants' answer alleges no contract was ever made; or if there was one, there was no consideration for it. The answer also alleges mutual rescission of the alleged contract. The record also reveals that Linda Nielsen testified under oath that she

had never talked to Masterson about any contract to sell seed, and had never entered into any contract with him. The Nielsens' answer, and Mrs. Nielsen's testimony, raise meritorious defenses which, if proven, could result in a judgment in their favor.

We also believe good reasons existed to explain the failure of the Nielsens to appear for trial on September 21. There is no showing in the record that they received actual notice of the trial setting before they left for Iowa. The trial judge's observation at the hearing on the motion that a document mailed from his office on September 15 would reach the Nielsens' home the next day is sheer speculation.

The order of the trial court denying the Nielsens' motion to set aside a default judgment against them is reversed, and the cause is remanded to the trial court with directions to set aside its order denying the motion, to sustain the motion, and to set the cause for trial on the merits.

TITUS, P.J., and FLANIGAN, J., concur.