**Nellie Sykes NIXON,
Plaintiff-Appellant,**

v.

**Mims WILLIAMSON, Jr.,
Defendant-Respondent.**

**No. 50176.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 10, 1985.

Motion for Rehearing and/or Transfer
Denied Jan. 14, 1986.

Application to Transfer Denied
Feb. 18, 1986.

Ernest L. Keathley, St. Louis, for plaintiff-appellant.

Douglas Ryder Beach, Brian David Winer, Clayton, for defendant-respondent.

KAROHL, Presiding Judge.

Plaintiff, Nellie Sykes Nixon, appeals trial court order vacating and setting aside a judgment entered in favor of plaintiff, and against defendant, Mims Williamson, Jr.

On March 17, 1982, plaintiff filed suit against defendant seeking actual and punitive damages and equitable relief for trespass to real property. Defendant was served, his counsel entered his appearance and filed an answer in the nature of a general denial. On May 18, 1984, defendant's counsel was granted leave to withdraw. The case was set for trial for the week of February 25, 1985, but not reached. The case was reset for the week of April 8, 1985.

Defendant received a docket card from the St. Louis County circuit clerk advising defendant "that the above cause is set on the trial docket for the week of April 8, 1985. You will be contacted by telephone at such time as your case is reached for trial." On April 11, 1985, the case was assigned out for trial in Division 18. Defendant was not notified by phone or otherwise and did not appear for trial. Plaintiff appeared in person and by attorney and announced ready for trial. Default and inquiry was granted. On plaintiff's petition and evidence adduced the trial court entered judgment in favor of plaintiff and against defendant in the sum of $49,000 actual damages, $51,000 punitive damages. Plaintiff was also granted a permanent injunction and defendant was ordered to remove certain fences on plaintiff's property. On May 2, 1985, defendant filed a Suggestion and Motion to Vacate Judgment and supporting affidavit. On May 6, 1985, defendant filed a Suggestion and Motion for New Trial. On Monday, May 13, 1985 within thirty days of judgment, the trial court heard arguments on defendant's motions vacated and set aside the April 11, 1985, judgment and reinstated the cause on the trial docket. Rule 75.01. The trial court stated that the April 11, 1985, "judgment was not a default judgment but defendant's failure to appear [was] brought about by the court's failure to notify him of the date of trial." Plaintiff's appeal followed.

Plaintiff claims in his sole point on appeal that the trial court erred and abused

its discretion in setting aside and vacating the judgment because defendant's motion to set aside did not allege good reason or excuse for not appearing nor a meritorious defense to the action brought against him. Defendant contends the trial court's judgment is not final and appealable because an order of a court vacating a judgment within thirty days of rendition pursuant to Rule 75.01 is not appealable.

If defendant appears and issues are made up, judgment rendered when the defendant fails to appear when case is duly set for trial is not a default judgment within the meaning of the statutes. § 511.110 RSMo 1978; § 511.140 RSMo 1978; *Donnell v. Vigus Quarries, Inc.,* 457 S.W.2d 249, 252 (Mo.App.1970). Considering the record as a whole, the judgment rendered on April 11, 1985, was not a default judgment, and the order of May 13, 1985 was an order sustaining defendant's motion for new trial. The trial court complied with Rule 78.03 and stated the ground for its order. We, therefore, have jurisdiction and decide the appeal. § 512.020 RSMo 1978.

We do not reach the merits of plaintiff's contentions because we find the lack of accurate and complete notice denied appellant due process of law. *Division of Employment Security v. Smith,* 615 S.W.2d 66, 68 (Mo. banc 1981). Defendant received notice that the cause was set on the trial docket for the week of April 8, 1985. He was also notified he would be contacted by telephone when the case reached trial. The record does not reflect nor does plaintiff argue that defendant was contacted by telephone or otherwise or that attempts were made to contact defendant for trial on April 11, 1985. The right to notice and the opportunity to be heard must be granted at a meaningful time and in a meaningful manner. *State v. Earl,* 672 S.W.2d 694, 696 (Mo.App.1984), citing, *Fuentes v. Shevin,* 407 U.S. 67, 80, 92 S.Ct. 1983, 1994, 32 L.Ed.2d 556, 570 (1972). The authorities relied on by plaintiff are inapposite because they relate to trial court authority to set aside a default judgment. Such judgments are not defective for lack of notice. Judgment against a party not in default, a no-contest judgment, is controlled by the requirements of *Earl* and *Fuentes.* Accordingly, the requirements to plead and prove (1) reason or excuse, and (2) a meritorious defense as said in *Gorzel v. Orlamander,* 352 S.W.2d 675, 678 (Mo. 1962) are not applicable.

Because the undisputed evidence shows defendant was denied due process of law, we affirm the trial court's order vacating and setting aside the April 11, 1985, judgment and grant of a new trial. Because the new trial was granted within thirty days of the judgment it makes no difference whether the order was in response to the motion to vacate or the motion for new trial. *Gorzel,* 352 S.W.2d at 677.

Affirmed.

SIMON and GARY M. GAERTNER, JJ., concur.