VETTER & ASSOCIATES,
INC., Appellant,

v.

DIMARCO CORPORATION,
Respondent,

and

The Lindenwood Colleges, Defendant.

No. 51408.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 9, 1986.

Motion for Rehearing and/or Transfer
Denied Jan. 13, 1987.

Case Transferred to Supreme Court
Feb. 17, 1987.

Case Retransferred to Court of
Appeals June 2, 1987.

Original Opinion Reinstated June 4, 1987.

Sestric, LaBarge, Korum & Clancy, Cyril
J. Clancy, Kirkwood, for appellant.

Jack F. Allen, Clayton, for respondent.

CRIST, Presiding Judge.

Appeal by plaintiff-Vetter & Associates, Inc., (subcontractor) from an order setting aside a judgment in its favor. That judgment, in the amount of $70,427.18 was awarded after defendant-Dimarco Corporation (general contractor) failed, in person and by its attorney, to appear for trial. We affirm.

The controversy arose out of a contract under which subcontractor was to do certain heating, ventilating and air conditioning work for the restoration of Nicholls Residence Hall at The Lindenwood Colleges (owner).

A chronological sequence of events would be helpful to a resolution of the issues.

4-19-83: Subcontractor filed suit against general contractor and owner in St. Louis County circuit court (within suit);

5-2-83: Community Title Company filed an interpleader suit, against nineteen separate defendants including owner, general contractor, and subcontractor, in the St. Charles County, Missouri circuit court entitled *Community Title Company v. Barnett Roofing Company, et al.,* # CV183–1545CC" (St. Charles suit);

5-11-83: Evans & Dixon and Stefan J. Glynias entered their appearance as attorneys for general contractor in within suit;

5-27-83: General contractor filed an answer in within suit;

6-8-83: General contractor filed a counterclaim against subcontractor in within suit;

7-15-83: Subcontractor filed a reply to general contractor's counterclaim in within suit;

9-9-83: Mr. Glynias sent a letter to subcontractor's lawyer wherein he confirmed a telephone conversation of September 7, 1983, in which general contractor and subcontractor had agreed to proceed with the claims in the St. Charles suit and let the within suit await that disposition;

9-20-83: Subcontractor filed a cross-claim, against general contractor in the St. Charles suit, which was substantially identical to Counts I and II of within suit; a copy of which was mailed to Mr. Glynias;

12-29-83: Mr. Glynias and Evans & Dixon filed, in the St. Louis County circuit court, a memo withdrawing as general contractor's attorney;

1-3-84: The St. Louis county circuit clerk's office notified Mr. Glynias that a copy of the letter notifying the client of the withdrawal was needed before he could withdraw, and Mr. Glynias complied;

1-4-84: Mr. Glynias sent the circuit clerk a copy of his letter to Mr. H.R. Westerhold, president of general contractor, giving notice of his withdrawal from within case and several other cases;

2-8-85: The corporate charter of general contractor was forfeited;

3-5-85: Letter from legal counsel for the circuit clerk of St. Louis County to Mr. Westerhold at Dimarco Corp., 4118 Seven Hills Drive, Florissant, Missouri 63033, advising him to have an attorney enter his or her appearance on behalf of general contractor, and that nothing prepared or submitted on behalf of general contractor would be considered filed unless submitted by a licensed attorney of record;

3-20-85: Attorneys for owner filed various pleadings with copies thereof being sent to Marjorie Westerhold, registered agent for general contractor, 3995 Woodcrest Drive, Florissant, Missouri 63033;

7-25-85: Within case assigned for trial on 7-26-85, general contractor was not notified, apparently because it did not acknowledge a prior request of the circuit clerk's office for a telephone number;

7-26-85: General contractor did not appear in court; court approved withdrawal of Mr. Glynias and Evans & Dixon; court found for subcontractor

against general contractor for $70,-427.18, and found for subcontractor on general contractor's counterclaim; general contractor was not notified that judgments had been rendered against it and in favor of subcontractor;

8–1–85: Circuit clerk sent a cost bill to general contractor, general contractor asked an attorney to investigate the matter;

9–19–85: Jack F. Allen entered his appearance as attorney for general contractor, and for Harold and Marjorie Westerhold, trustees of general contractor;

1–27–86: General contractor filed its verified motion to set aside the judgment.

Subcontractor claims the trial court erred in setting aside the judgment because (1) general contractor was in default for failure to appear and thus not entitled under Rule 74.78 to be heard to assert lack of notice of entry of the judgment; (2) general contractor, in its motion to set aside the judgment, did not plead a defense on the merits or an excuse for defaulting; (3) no evidence was received on the motion, and the motion itself is not evidence of its contents; (4) general contractor was responsible for keeping itself informed of the progress of the case and thus not being told of the trial setting was not an excuse for nonattendance; and (5) setting aside the judgment and reinstating the counterclaim is allowing a corporation which has forfeited its charter to seek relief in the courts.

We deal with subcontractor's first claim of error first; if general contractor were not entitled to seek relief under Rule 74.78 we would not need to reach the issues dealing with the merits of its motion to set aside the judgment. We find Rule 74.78 to be applicable.

■ The record shows general contractor received no notice of the entry of the judgment. The cost bill, sent six days after the entry of judgment, was the first notice general contractor had of the judgments. Subcontractor asserts no notice was required because general contractor was in default at the time of the entry of the judgment. Rule 74.78 provides:

Upon the entry of ... [a] judgment, the clerk shall serve a notice of the entry ... upon every party affected thereby who *is not in default for failure to appear* and who was not present in court ... at the time of the entry of such ... judgment. If such notice is not given, said ... judgment shall be set aside for good cause ... within six months from the entry of ... judgment. (Emphasis ours.)

The purpose of Rule 74.78 is to give notice to parties "not present in court" unless that absent party is also in default. The default and failure to appear are two different events. *Arnold v. Arnold,* 684 S.W.2d 451, 452 (Mo.App.1984). Judgments rendered after a party fails to appear for trial are often referred to as default judgments; however, a party who has filed a responsive pleading is not in default even upon failure to appear in court. *Ward v. Davis,* 701 S.W.2d 192, 193[1] (Mo. App.1985). General contractor filed its answer on May 27, 1983; it was not in default when it failed to appear for trial on July 26, 1985. Thus, general contractor was entitled to notice of the entry of judgment. *Weber v. Hoesch,* 603 S.W.2d 60 (Mo.App. 1980), relied on by subcontractor, is not applicable because there is no evidence counsel for general contractor, or anyone else, received notice of the trial setting.

■ Subcontractors second, third and fourth points deal with the sufficiency of general contractor's motion to set aside the judgment. A ruling to set aside a default judgment will only be interfered with if there is an abuse of discretion, and we give the trial court more leeway in granting than in denying the motion. *First Missouri Bank of St. Francois County v. Patterson,* 696 S.W.2d 800, 801[1] (Mo.App. 1985); *Schoenhoff v. Owens,* 564 S.W.2d 273, 275[3] (Mo.App.1978). To get a judgment set aside the movant must show the existence of a meritorious defense and an excuse for its nonappearance. *Schoenhoff,* 564 S.W.2d at 275[2].

■ General contractor filed a verified motion to set aside the judgment. *See*

*Hernandez v. Westoak Realty & Inv., Inc.,* 549 S.W.2d 906, 909[3] (Mo.App.1977). Ten exhibits were filed with that motion. Subcontractor chose not to file counter affidavits; however, at the hearing on the motion, the court allowed subcontractor to file three documents. Subcontractor asserts, correctly, that a motion cannot prove itself. *Taylor v. Coe,* 675 S.W.2d 148, 150[3] (Mo.App.1984). However, consideration of the verified motion with affidavits, exhibits, and documents did not deprive subcontractor of any rights. Rule 55.28. *See Senn v. Manchester Bank of St. Louis,* 583 S.W.2d 119, 134[13] (Mo. banc 1979); *Kingsley v. Burack,* 536 S.W.2d 7, 9[1] (Mo. banc 1976); *Brown v. Upjohn Co.* 655 S.W.2d 758, 759[1] (Mo.App.1983); and *McKinnies v. Universal Cartage & Delivery Service Co.,* 582 S.W.2d 358, 360[5] (Mo.App.1979).

■ We are bound by the evidence contained in general contractor's verified motion, its exhibits, subcontractor's documents and the record on appeal. The evidence is: general contractor received no notice the case would be heard July 26, 1985; the withdrawal of general contractor's attorney was not approved until July 26, 1985; general contractor was informed the St. Charles suit would be heard before the within suit; the St. Charles suit was still pending; and general contractor had filed both an answer and a counterclaim in the within suit. The existence of a meritorious defense is evidenced by general contractor's answer and counterclaim. *See Murray v. Sanders,* 667 S.W.2d 426, 429[5] (Mo.App.1984). Although, general contractor had an obligation to keep informed of the course of the proceedings, *Owens v. Vesely,* 620 S.W.2d 430, 433[8] (Mo.App. 1981), and had been told by the clerk of the court to retain a new attorney, in light of all the circumstances, including the trial being set the day before it was heard and the continuing pendency of the St. Charles suit, general contractor had an excuse for its failure to appear at trial. *See Masterson v. Nielsen,* 678 S.W.2d 5, 6–7[3] (Mo.App.1984). Subcontractor's second, third and fourth points are denied.

■ Subcontractor's last point is that the trial court had no authority to set aside the judgment and reinstate the counterclaim because general contractor's corporate charter had been forfeited prior to the date of judgment. If a corporation forfeits its charter after it "has been sued ... *or* has appeared while in being ... the action should not be affected thereby and any judgment obtained shall have the effect of a judgment against" its trustees, Rule 52.-13(e), and the trustees "shall have power to sue for and recover the debts and property due the corporation," § 351.525, RSMo (1984 Cum.Supp.). *Auffenberg v. Hafley,* 457 S.W.2d 929, 936[18] (Mo.App.1970). The judgment rendered on July 26, 1985, was a judgment against general contractor as well as its statutory trustees; the suit filed prior to forfeiture can be prosecuted by the trustees. Substitution of the named trustees can hereafter be made on the record by the trial court.

Judgment affirmed.

KELLY and CARL R. GAERTNER, JJ., concur.