**William J. GRASSMUCK,
Petitioner-Respondent,**

v.

**DIRECTOR OF REVENUE,
Respondent-Appellant.**

**No. 52432.**

Missouri Court of Appeals,
Eastern District,
Division Two.

July 21, 1987.

James A. Chenault, III, Sp. Asst. Atty. Gen., Jefferson City, for respondent-appellant.

David L. Naumann, Florissant, for petitioner-respondent.

REINHARD, Judge.

The Director of Revenue appeals from a judgment of the circuit court reversing the administrative suspension of petitioner's driver's license pursuant to the Administrative Suspension and Revocation Act,

§§ 302.500 to 302.540, RSMo 1986. We reverse and remand.

William Grassmuck petitioned the circuit court for a trial de novo on the administrative suspension of his driving privileges for driving while intoxicated. The director filed an answer to the petition on August 1, 1986. On September 30, 1986, petitioner appeared for the trial de novo; the director did not appear. The trial court entered judgment for petitioner and reinstated his driver's license.

On October 8, 1986, the director filed a motion to set aside the judgment. At the hearing on the motion to set aside, petitioner relied on a memorandum filed in the court by his attorney stating that the case was set for hearing on September 30, 1986. The handwritten memorandum was signed by an attorney for petitioner and it contained the following notation:

cc: Dept of Revenue
111 S. Bemiston
Clayton, MO 63105

The attorney who signed the memorandum was not at the September 30 hearing; therefore, there is no testimony in the record about the memorandum. A secretary for the Missouri Department of Revenue DWI Trial de Novo Office in Clayton testified that no notice of the hearing had been received at that office.

■ A trial de novo under the Administrative Suspension and Revocation Act shall be conducted pursuant to the Missouri Rules of Civil Procedure. § 302.535.1, RSMo 1986. Every written notice, including notice of a trial setting, shall be served on all parties. *See* Rule 43.01(a). While there is no prescribed method as to how or by whom the notice of a trial setting shall be given, notice must be given, either by the adverse counsel, the court, or by some court rule providing that, at a specific time, cases will be heard. The record should establish that the parties were provided notice of the trial setting or that the address of a party is unknown and cannot be notified. *Walsh v. Walsh,* 652 S.W.2d 274,-275 (Mo.App.1983).

Petitioner here relies on notice allegedly given by his counsel to the director. Proof that counsel served notice on an adverse party or counsel can be provided by showing compliance with Rule 43.01(d) which states: "Service may be shown by acknowledgment of receipt or by affidavit or by written certificate of counsel making such service."

■ The notation "cc" is a commonly used abbreviation for "carbon copy." *See* Websters Third New International Dictionary (1976). From the record, it appears there was no acknowledgment of receipt of the notice, no affidavit, and no written certificate of counsel making such service. The handwritten notation "cc," indicating "carbon copy," was not a certificate of counsel and, as stated above, there was no testimony about service of the notice.

Because of a lack of evidence about notice of the hearing, the court erred in ruling on the merits. We reverse and remand to the trial court for a new trial.

SMITH, P.J., and DOWD, J., concur.