Theodore L. IRVING, II, Respondent,

v.

Susan BRANNOCK, Appellant.

No. WD 39931.

Missouri Court of Appeals,
Western District.

July 19, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 30, 1988.
Application to Transfer Denied
Oct. 18, 1988.

James M. McNeile, Buck, Bohm & Stein, P.C., Kansas City, for appellant.

Dennis J.C. Owens, Kansas City, for respondent.

Before MANFORD, J., Presiding, and TURNAGE and COVINGTON, JJ.

COVINGTON, Judge.

Defendant, Susan Brannock, appeals from an adverse money judgment for damages taken against her by her former husband, Theodore L. Irving, II, in a trial to the court for which Ms. Brannock failed to appear. She alleges trial court error in failing to provide notice of the trial settings. She further contends that Mr. Irving is not a real party in interest. The judgment is affirmed in part, reversed in part, and remanded for a new trial.

On April 19, 1985, Mr. Irving filed a petition for damages against his former wife, Ms. Brannock. Mr. Irving's petition alleged removal of fixtures by Ms. Brannock from the home in which she and Mr. Irving had formerly lived. Subsequent to the dissolution, the home was sold to Mr. Irving's mother, Juanita Irving.

Ms. Brannock filed an answer to the petition on July 26, 1985, in which she denied generally the allegations contained in the petition and in which she raised affirmative defenses. Later, Ms. Bran-

nock's attorney sought leave to withdraw, which was granted January 15, 1986. On April 15, 1986, the court issued an order permitting Mr. Irving's attorneys to withdraw.

In January, 1987, according to Ms. Brannock's verified and undisputed motion for new trial, Ms. Brannock directed her present attorneys, who were then representing her in another civil action, to check on the status of the present case. The attorneys determined that the present case was not then on any active trial docket. The attorneys did not enter an appearance in the present case.

On April 6, 1987, Mr. Sharlie Pender filed an entry of appearance on behalf of Mr. Irving. Although the record indicates that Mr. Pender attempted on that date to notify Ms. Brannock of his appearance, the address to which he sent the notice was incorrect, and the notice was returned "Addressee Unknown." The address to which the notice was sent bore no resemblance to the address which consistently appeared on Ms. Brannock's pleadings and motions.

Also on April 6, 1987, the court heard Mr. Irving's evidence in the case. Ms. Brannock, not having been notified of the trial setting, did not appear. The court expressed concern over whether Mr. Irving was the proper plaintiff because it appeared from the evidence that Juanita Irving was the owner of the premises at the time the fixtures were allegedly removed; the court consequently continued the case for the hearing of additional evidence.

On April 13, 1987, Mrs. Juanita Irving executed a sworn affidavit through which she assigned to Mr. Irving all causes of action she might have for destruction of and damage to the property at issue. Mr. Irving's attorney sent the affidavit to the trial court. The affidavit was accompanied by a letter which contained argument and authority on the issue of validity of assignments of choses in action. The letter indicates that Ms. Brannock was sent a copy, but there is no proof of mailing or service and no indication of what address, if any, was used. There is nothing in the record to indicate that Ms. Brannock received the letter.

On July 1, 1987, the court heard the remainder of Mr. Irving's evidence. Mr. Irving appeared in person pursuant to a Writ of Habeas Corpus ad Testificandum granted by the court on May 19, 1987. There is no indication in the record that copies of either the petition for the writ or the writ itself were ever sent to Ms. Brannock, or that she was otherwise notified of the July 1 trial setting. Ms. Brannock did not appear on July 1. The court entered judgment for Mr. Irving for the full amount of actual damages claimed.

Ms. Brannock learned of the judgment against her from a newspaper article. She filed a timely motion for new trial on July 16, 1987. After oral arguments on October 6, 1987, the trial court overruled Ms. Brannock's motion for new trial.

█ The parties in their analyses have treated this case as if it concerns a default judgment. Ms. Brannock, however, had filed an answer and the trial court heard and rendered judgment on Mr. Irving's evidence; thus, this case does not present a default judgment. See *Weber v. Hoesch*, 603 S.W.2d 60, 61 (Mo.App.1980).

█ Ms. Brannock relies in part upon a local rule which may set forth the procedure by which cases are set for trial in the Sixteenth Judicial Circuit. The rule, however, has not been made a part of the record; consequently, the court cannot take judicial notice of the rule. *Bank v. Pfeil*, 537 S.W.2d 680, 681 (Mo.App.1976).

█ Rulings of Missouri courts with regard to notice required in cases similar to these are inconsistent. Although our courts have said that in the absence of a rule or statute it is not necessary to give a party notice of the date a case is set for trial, *see, e.g., Rubbelke v. Aebli*, 340 S.W. 2d 747, 751 (Mo.1960); *Owens v. Vesely*, 620 S.W.2d 430, 433 (Mo.App.1981), our supreme court has held that due process considerations, in the interests of fairness and justice, require notice be given whenever a party's rights are to be affected. *Hoppe v. St. Louis Public Service Co.*, 361 Mo. 402, 235 S.W.2d 347, 350 (Mo. banc 1950). Certainly as to a party not in default due process considerations should apply. *Nixon v. Williamson*, 703 S.W.2d 526, 528

(Mo.App.1985). The rights to notice and opportunity to be heard should be granted at a meaningful time and in a meaningful manner. *Fuentes v. Shevin,* 407 U.S. 67, 80, 92 S.Ct. 1983, 1994, 32 L.Ed.2d 556 (1972). Reasonable notice is to be determined in the light of the facts of the case. *Baker v. Baker,* 274 S.W.2d 322, 325–26 (Mo.App.1954).

■ Unless the record establishes that the complaining party was provided notice of the trial setting, the court may conclude that the complaining party did not receive notice. *See Taylor v. Taylor,* 742 S.W.2d 630, 632 (Mo.App.1988); *Grassmuck v. Director of Revenue,* 733 S.W.2d 65, 66 (Mo.App.1987); *Credit Card Corp. v. Jackson County Water Co.,* 688 S.W.2d 809, 811 (Mo.App.1985); *Walsh v. Walsh,* 652 S.W.2d 274, 276 (Mo.App.1983). Although Mr. Irving points to allegations contained in his suggestions filed with the trial court in support of his contention that notice was properly attempted, there is no record proof here to support such contentions. The record is devoid of proof that Ms. Brannock was provided notice of either trial setting. Because the undisputed evidence shows that Ms. Brannock was denied due process of law, the trial court's denial of a new trial is reversed.

■ Ms. Brannock also contends that the trial court erred in granting judgment to Mr. Irving because he was not a proper party in interest. Mrs. Juanita Irving assigned the entire cause of action to Mr. Irving on April 13, 1987; therefore, the case may be properly prosecuted in his name as the real party in interest. *C & M Developers, Inc. v. Berbiglia, Inc.,* 585 S.W.2d 176, 181 (Mo.App.1979).

The judgment is affirmed in part as to Mr. Irving's interest in the case and is reversed in part on the basis of denial of due process of law and the cause is remanded for a new trial.

All concur.