**Bonnie R. HENDRIX, Respondent,**

v.

**Limuel H. McFIELD, Appellant.**

**No. 18105.**

Missouri Court of Appeals,
Southern District,
Division One.

April 16, 1993.

Jon A. Kaltenbronn, Lake Ozark, for appellant.

W. Gary Drover, Camdenton, for respondent.

CROW, Presiding Judge.

A suit by Plaintiff, Bonnie R. Hendrix, against Defendant, Limuel H. McField, was set for trial March 2, 1992. Plaintiff appeared on the appointed date with her lawyer. Defendant, whose lawyer had been granted leave to withdraw August 13, 1991, did not appear. Plaintiff presented evidence, and the trial court entered judgment awarding Plaintiff money damages.

On April 3, 1992, Defendant, by his present lawyer, filed a motion praying the trial court to set the judgment aside. On April 10, 1992, Defendant filed a notice of appeal

---

from the March 2, 1992, judgment. The record does not indicate Defendant's motion of April 3, 1992, was ever presented to the trial court for hearing and determination.

Defendant's sole point relied on reads:

The circuit court on review erred in proceeding to trial and rendering judgment against [Defendant], in that: the record of the trial court fails to establish that [Defendant] was provided proper notice of the trial setting.

The record shows that after Defendant's original lawyer withdrew, the following activity occurred.

August 30, 1991. Plaintiff files notice she will, at 9:00 a.m., September 10, 1991, request a trial setting. Plaintiff's lawyer certifies a copy of the notice was mailed to Defendant.

September 6, 1991. Circuit clerk mails notice to Plaintiff's lawyer and Defendant that the case was placed on the "inactive docket" August 5, 1991.

September 18, 1991. Plaintiff files motion to reinstate the case on the "active docket." Plaintiff's lawyer certifies a copy of the motion was mailed to Defendant.

September 26, 1991. Plaintiff files notice she will, at 9:00 a.m., October 15, 1991, call up for hearing her motion to reinstate the case on the active docket. Plaintiff's lawyer certifies a copy of the notice was mailed to Defendant.

October 15, 1991. Docket entry made, reading:

Case set for trial so case reinstated to active docket. MD CASE SET FOR TRIAL MARCH 2, 1992 DIV. 2 AS # 2 SETTING ATTORNEY OF RECORD AND DEFENDANT NOTIFIED.

The record shows no further activity until trial.

Defendant's post-trial motion of April 3, 1992, contained these allegations in support of his request to set the judgment aside:

1. That Defendant is a seventy-nine ... year old gentleman with physical disabilities resulting in a memory deficit.

2. That these disabilities resulted in Defendant's failure to adequately understand and respond to the default proceedings initiated against him in this case.

3. That Defendant was only made aware of the significance of the default proceedings when he received a copy of the judgment which was interpreted for him by his sister.

4. That Defendant's sister will be applying for letters of guardian and conservatorship due to Defendant's disabilities in the Probate Court of Camden County, Missouri.

Although the term "default proceedings" appears twice in the above excerpt, Defendant evidently recognizes now that the characterization is incorrect. His brief asserts: "[Defendant] was not in default and therefore was entitled to notice prior to the Court proceeding with the trial." *See: Ozark Mountain Timber Products, Inc. v. Redus,* 725 S.W.2d 640, 644[1] (Mo.App. 1987); *Nixon v. Williamson,* 703 S.W.2d 526, 528[1] (Mo.App.1985).

Defendant's post-trial motion obviously presented a different attack on the judgment than his point on appeal. Nowhere in his post-trial motion did Defendant aver he failed to receive notice of the trial setting. Indeed, in his notice of appeal we find this:

This case involves ... whether notice from the Trial Court placing the case on inactive status mailed subsequent to the filing of a Motion for Trial Setting followed by the actual Trial Setting and then a Motion to Reinstate the Case to Active Status constituted proper notice to Appellant of the Trial....

While the above passage is somewhat abstruse, we understand it to admit notice of the "actual Trial Setting" was mailed to Defendant.

We have painstakingly examined Defendant's brief. Nowhere in it do we find any averment that he received no notice of the trial date. Instead, Defendant's argument for reversal is: "[T]his record clearly fails to establish that Defendant was notified of the trial date in this case.... In view of the lack of a record showing notice to [De-

fendant], this Court should conclude that no such notice was received by [him]."

Defendant correctly points out that a party not in default is entitled to notice of a trial setting. *In re Marriage of Wheeler*, 743 S.W.2d 605, 606[1] (Mo.App.1988); *Walsh v. Walsh*, 652 S.W.2d 274, 275[2] (Mo.App.1983). However, in those cases, as well as others Defendant cites, the party against whom judgment was entered maintained he did not receive notice of the trial setting. *Wheeler*, 743 S.W.2d at 605; *Walsh*, 652 S.W.2d at 275; *Nixon*, 703 S.W.2d at 527; *Eastin v. Franklin*, 806 S.W.2d 57, 58, 60 (Mo.App.1991); *Irving v. Brannock*, 756 S.W.2d 585 (Mo.App.1988); *Grassmuck v. Director of Revenue*, 733 S.W.2d 65, 66 (Mo.App.1987).

Here, Defendant's carefully worded argument avouches, "In the absence of something in the file reflecting that such notice [of the trial setting] was provided to [Defendant], this Court may conclude that [he] received no such notice thereby causing his failure to appear for trial." Said another way, Defendant's position is that if a party fails to appear for trial and a judgment is entered against him, he is entitled to reversal if the record fails to demonstrate he received notice of the trial setting, even though he does not allege he received no notice and his notice of appeal indicates he did.

The narrow dimension of Defendant's theory of error appears at the conclusion of his argument. There, we find:

> The essential question before this Court is whether the record in the Circuit Court establishes that notice of the trial setting in this case was provided to [Defendant]. The record in this case is void of any evidence to that effect. Without an accurate record establishing notice to [Defendant], the Circuit Court on review should not have proceeded to trial and judgment.

We find no merit in Defendant's hypothesis. As reported earlier, the docket entry of October 15, 1991, setting the case for trial, states Defendant was notified. That is some evidence notice was sent. *Brown v. General Motors Assembly Div.*, 695 S.W.2d 501, 502[4] (Mo.App.1985). Defendant's post-trial motion does not attack that recital, and the record is bare of any indication Defendant attempted to show, in the trial court, that he received no such notice. None of the cases cited by Defendant authorize reversal in such circumstances.

In this appeal, we address only the claim of error presented in the point relied on in Defendant's brief. *Pruellage v. De Seaton Corp.*, 380 S.W.2d 403, 405[3] (Mo.1964). The point does not assert Defendant was mentally unable to understand the court proceedings. While that allegation appears in his unverified post-trial motion, it is not self-proving, *Tuffli v. Board of Education of Wentzville R–4*, 643 S.W.2d 296, 298 (Mo.App.1982), and the record shows no attempt by Defendant to prove it in the trial court. That issue is not before us.

Judgment affirmed.

PARRISH, C.J., and SHRUM, J., concur.